(46 South. 614.)

No. 17,076.

STATE v. CONEGA.

(April 27, 1908. Rehearing Denied May 25, 1908.)

1. INDICTMENT AND INFORMATION—MOTION TO QUASH—NATURE—DISPOSITION.

A motion to quash an indictment for defects of statement therein corresponds to an exception in a civil case that "plaintiff's petition discloses no cause of action." Both are leveled at the pleadings in the action and seek to have the proceedings dismissed. Such a motion should be disposed of on the face of the papers, and not referred to the merits to be disposed of on evidence introduced. The postponement of action on the motion until the trial of the case on its merits left unchanged the character of the motion as one leveled against the recitals and to be disposed of on the face of the papers. It was not changed by postponement to a plea (en pais) of prescription. From the standpoint of a motion to quash the indictment for the defects complained of, the motion was not well grounded, and under the provisions of section 1063 of the Revised Statutes it should have been refused. That section declares that no indictment shall be held insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, §§ 470, 474.]

2. SAME.

Time was not of the essence of the crime charged in this case. Prescription has no reference to the commission of crime, but to the time when the "prosecution of the crime" was commenced after commission. The utmost relief to which defendant was entitled was to insist that the indictment should be made precise as to time. That relief was not asked for.

**3. SAME.**

Had the indictment shown on its face that prosecution for the offense charged would be barred by prescription, had not some fact occurred to stop the running of the same, the existence of such fact would have been necessary to have been alleged in the indictment; but the indictment in this case did not show that condition of things. Defendant was forced to plead and affirmatively to establish prescription. He did not do this.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Clay Elliott, Judge.

Bud Conega was convicted of selling spirituous liquors without a license, and appeals. Affirmed.

Thomas Milton Bankston, for appellant. Walter Guion, Atty. Gen., and Robert Stephen Ellis, Dist. Atty. (Lewis Guion, of counsel), for the State.

### Statement of the Case.

NICHOLLS, J. On January 17, 1908, the grand jury for the parish of Tangipahoa found an indictment against the defendant for having on the ———— day of ————, in 1907, willfully and unlawfully sold and retailed spirituous liquors without having first obtained a license from the state, parish, or municipal authority.

On April 1, 1908, defendant filed a "motion to quash the indictment filed against him on the ground and for the reasons that it did not set out any date or time when the intoxicating liquors were sold, save that during the year of 1907, and the said indictment was returned and signed January 17, 1908, wherefore he showed that the sale as alleged was not made within a year from the date of finding the indictment." He prayed that his motion to quash be sustained and he himself be discharged from custody. This motion was ultimately overruled. Defendant excepted, and filed the bill of exception which appears in the transcript. It reads as follows:

"Be it known and remembered that upon the trial of this case, which was taken up for trial this 1st day of April, 1908, defendant through his counsel filed a motion to quash indictment No. 1,392, which charged defendant with retailing intoxicating liquors in the year 1907, for the reason that said indictment fixed no date, except in the year 1907, and that same was returned and reported on January 17, 1908; and, further, that it was not mentioned in the indictment that the sale of intoxicating liquors as charged therein was made within one year from the filing of the indictment."

"The court referred the motion to quash to the merits. The state then called Mayor Ralph E. June, of Hammond, to prove that defendant had been arraigned in the mayor's court before him in the town of Hammond, La., on or about August 15, 1907, on a charge of retailing intoxicating liquors in said town, and pleaded guilty to retailing, and was fined $50, but that he told defendant that if he would plead guilty he would make the fine lighter, and said, further, that he thought defendant was charged with retailing on the 12th of August, 1907, but he had no personal knowledge when the sale, if made at all, was made.

"To all the above testimony as to what date the charge charged defendant with retailing the defendant objected on the ground that, as the charge was the best evidence, he objected to all other testimony relative to the trial before the mayor's court. No other witness on behalf of the state was placed on the stand; but it was admitted by the defendant that the marshal of Hammond would testify the same as the mayor of Hammond. The state closed. Defendant offered no testimony.

"The court then took up the motion to quash and on the merits, and overruled it, and rendered a verdict of guilty as charged at the same time, to which ruling of the court defendant excepted and reserved this bill of exception for the signature of the judge, after tendering same to the District Attorney for his inspection.

"By the Court:

"The above bill was reserved. I referred the motion to quash to the merits, as it was based on the theory that the case was prescribed, and stated that I would rule on the question of prescription, it being a questionable fact, after hearing evidence on the subject and at the time of deciding the case on its merits. Ralph E. June, the mayor of Hammond, was then called and sworn as a witness for the state. He had a book in his hands. Looking at his book, and reading therefrom, in response to a question by the state, he testified that the accused had been arrested, brought before him, and arraigned on a charge for retailing spirituous and intoxicating liquors in the town of Hammond, La., and had pleaded guilty to said charge on August 15, 1907, and that he fined him $50 and ordered him to leave town. At this point the accused objected. The objection was sustained as to what he was proceeding to say to the effect that the accused had been ordered

to leave town, as part of the penalty for having been caught retailing, etc.

"The mayor merely referred to the book as a memorandum concerning the date in question. He testified unqualifiedly and unequivocally that the accused pleaded guilty to the charge on August 15, 1907, and as to the date of retailing he testified with equal firmness that his recollection was that the offense was charged to have been committed on August 15, 1907, or about that time. This evidence, to show the date of the offense and the admission of guilt in the mayor's court in presence of the mayor, was received and considered, and the objection as to same was overruled. It was admitted that the marshal of Hammond, if present, would swear the same. The accused did not take the stand, nor offer any evidence. The evidence thoroughly convinced me that the offense named in the indictment was the same for which the accused had been prosecuted and convicted on his own confession in the mayor's court. The motion to quash was therefore overruled, and the accused found guilty as charged."

### Opinion.

The indictment on the facts and evidence adduced was not prescribed.

In civil cases a claimant sets forth his demand in a petition. In criminal proceedings the state sets forth the charge it makes in an indictment or information.

The petition in civil cases, and the indictment or information in criminal, form the "pleadings" in the respective actions. A motion to quash an indictment on the face of the papers for defects of statement therein corresponds to an exception that plaintiff's petition discloses "no cause of action." The exception and the motion are both leveled simply at the pleadings. Both seek to have the proceedings dismissed. In this instance defendant's motion to quash the indictment was predicated upon an alleged error or defect apparent on the face of the indictment, in that it did not state the date on which defendant was charged with having sold spirituous liquors. From the standpoint of an application for the setting aside of the indictment and the dismissal of the charge, the motion was not well founded. Section 1063 of the Revised Statutes discloses that:

"No indictment shall be held insufficient for * * * omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a date subsequent to the finding of the indictment, or on an impossible day."

In this case time was not "of the essence of the offense charged," and by the express provisions of the statute just quoted it was not an essential averment in the indictment charging the commission of the offense. The trial court should have acted on the motion as an attack upon the pleading in the case, and overruled it. It should not have referred the matter to be disposed of on the merits. A motion to quash an indictment for defects apparent on the face of the same is a matter entirely different and distinct from a plea of prescription. One is directed against the pleadings. The other goes outside of the pleadings and is directed against the time at which the prosecution was commenced; but neither has reference to the "essence of the offense" charged. It is no part of the essence of the offense of selling spirituous liquors without a license that this should have been done on a particular day or particular time.

Prescription is a matter relating to the prosecution for a crime, and not to the commission of a crime. It owes its existence to the prior commission of a crime. It commences after one has been committed. A person who is guilty in fact of having committed larceny is none the less "guilty" of having committed the crime because, by reason of the carelessness of the prosecuting officers or from causes beyond their control, no indictment against him has been returned in time to enable the state to prosecute or punish him for the crime which, in point of fact, has actually been committed. Defendant has never, in point of fact, filed a plea of prescription in this case. He has, at best, gone no further substantially than

to demur to the indictment. The court should not have dealt with this motion to quash as a plea of prescription, and referred it to the merits. It was a motion to be acted on on the face of the papers and not after the introduction of evidence. Postponing consideration of the motion until after a hearing of the case on its merits did not alter the scope and character of the motion. It was, when taken up, precisely the same motion which it was when filed—a motion to quash the indictment on the face of the papers for defects alleged to exist therein. Defendant was not entitled to the relief he asked—that of having the indictment set aside and the proceeding dismissed. His utmost relief would have been to insist upon the district attorney's making the indictment more specific than it was by fixing with precision the time at which the offense was committed. That relief he did not ask. The court caused evidence to be heard over defendant's objection to establish the date at which (if committed) it was committed, and reached the conclusion on that evidence that the prosecution was not barred. We do not find ground for a reversal in favor of the plaintiff of the judgment which has been rendered in this case. If the indictment had shown affirmatively on its face that at the time it was returned the period for prosecution had gone by, it would have been necessary to have broken the force of that condition of things by an averment of some fact which would none the less authorize the prosecution to be brought; but the indictment did not on its face show that the prosecution was barred by time. The state was therefore fully authorized, so far as prescription was concerned, to force the defendant to his defense on the merits. The burden was on him to plead and affirmatively establish prescription. That he did not do.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.