McCALEB, Justice.
 

 Appellant was charged with simple burglary of the residence of his former wife at 602 St. Mary Street in the City of New' Orleans, on August 18, 1965, with the intent to commit a theft therein in violation of Article 62 of the Criminal Code (R.S. 14:62). Following a jury trial on his plea of not guilty, appellant was convicted and
 
 *485
 
 sentenced to serve four and one-half years at hard labor in the State Penitentiary.
 

 During the proceedings below, appellant reserved six bills of exceptions, all of which were based on his sole defense that he and his wife were never legally divorced, notwithstanding that he secured, on November 24, 1962, a judgment of divorce in the State of Alabama under which his wife was awarded the custody and control of the two minor children of the marriage.
 

 Bill No. 1 was taken to the overruling of a motion to quash the bill of information. The motion is based on the theory that the charge is fatally defective because appellant’s entry into the residence was authorized, as husband and father, and that he had a right to sell the furniture since it was property subject to his dominion and control as head and master of the community.
 

 Initially, the bill is without substance because the question presented can only be raised on the merits of the case. Furthermore, there is nothing on the face of the bill of information to show that appellant and Audrey Ponthieux were husband and wife on August 18, 1965 when the burglary was allegedly committed. As stated by the trial judge in his per curiam to the bill, although appellant contended prior to and during trial that he was the legal husband of Audrey Ponthieux, he never produced any evidence to contradict the testimony of Mrs. Ponthieux and other witnesses that she and appellant were divorced in 1962 or to put at issue the validity of the Alabama divorce decree, an authenticated copy of which was introduced in evidence at the trial of the case.
 

 Bill No. 2 was reserved to the admission in evidence, over a defense objection, of a certified and authenticated copy of the 1962' Alabama divorce judgment, dissolving the marriage of appellant and Audrey Ponthieux on the petition of appellant. Appellant alleges that the certificate of divorce is invalid because the Alabama court was without jurisdiction of the parties.
 

 The bill is without merit. The decree of divorce is duly authenticated in accordance with 28 U.S.C. § 1738. This is sufficient for its introduction in evidence.
 

 Bill No. 3 was taken when, on objection of the State, the judge refused to allow Mrs. Ponthieux to testify as to whether or not she lived and resided with appellant after having received notice by mail that he had secured a divorce judgment against her in Alabama.
 

 In his per curiam to this bill, the trial judge declares that the question asked of the witness was immaterial and irrelevant, because any later intimacy between the divorced couple has nothing to do with the guilt or innocence of appellant on the burglary charge. We find no error in the ruling.
 

 
 *487
 
 Bill No. 4 was reserved by defense ■counsel when the judge sustained the State’s ■objection to the question propounded to Mrs. Ponthieux on cross-examination whether or not she knew if appellant was ■ever a resident of the State of Alabama.
 

 The ruling does not constitute reversible ■error under the circumstances presented here. Obviously, the question was propounded in an effort to impeach the validity ■of the Alabama divorce decree. The full faith and credit of that decree cannot be assailed in this fashion. The judgment is complete and regular on its face, containing recitals to the effect that the court has jurisdiction of the parties and of the cause ■of action. The burden was on appellant to show that the Alabama court was without jurisdiction of the res (that he was never ■domiciled there, see Tit. 34 § 29, Code of Ala.), but no serious attempt was ever made by him to establish this defense. And, even if he had produced evidence casting doubt ■on the validity of the divorce, it still remained the province of the jury to determine appellant’s guilt or innocence of the charge of simple burglary, which was committed almost three years after the divorce decree was rendered and at a time when the parties were living separate and apart. In fact, it is conceded that appellant remarried after he secured the divorce and, consequently, Alabama would hold him estopped from assailing the judgment in that jurisdiction. See Mussey v. Mussey, 251 Ala. 439, 37 So.2d 921, and Levine v. Levine, 262 Ala. 491, 80 So.2d 235.
 

 Bill No. 5 is likewise without substance. It was taken when the judge sustained the State’s objection to a question of defense counsel during his cross-examination of a State witness (who had testified that Mrs. Ponthieux was living at 602 St. Mary Street on the date of the instant burglary) with respect to the right of the witness to permit Mrs. Ponthieux to remain in the premises when she had already been ordered evicted by court order dated August 11, 1965. The question was whether the authority assumed by the witness (an employee of the Housing Authority) superseded the authority of the court which rendered the eviction order.
 

 The inquiry appears to be wholly without purpose. The witness had simply testified that, despite the judgment of eviction, it was customary for the Housing Authority to permit such persons to remain in their houses for a while, in the hope that they would be able to pay their rent and continue their residence.
 

 Bill No. 6 was taken to the overruling of defendant’s motion for a new trial based on the ground that the verdict is contrary to the law and evidence and that, in any event, if appellant is not entitled to this relief as a matter of legal right, the granting of a new trial would better serve
 
 *489
 
 the ends of justice. This presents nothing for review.
 

 The conviction and sentence are affirmed.