255 So.2d 720

STATE of Louisiana

v.

Paul GERSTENBERGER and
Holly Tatsch.

No. 51384.

Dec. 13, 1971.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for petitioner.

Wray, Simmons & Robinson, Bert K. Robinson, Baton Rouge, for respondents.

BARHAM, Justice.

The State filed three bills of information charging these defendants with violations of R.S. 51:194, a section of the Louisiana Sunday Closing Law. In response to defendants' motion for a bill of particulars the State filed a bill of particulars subsequently amended so as to be applicable to all bills of information. A motion to quash was sustained by the district judge. The State reserved a bill of exceptions, and applied to this court for writs since no appeal lies in this misdemeanor case in which no penalty has actually been imposed. We granted certiorari.

The bills of information are so similar that a recitation of one bill will be sufficient basis for a discussion of all the issues raised here. It was charged that on January 10, 1971, the defendants "unlawfully violated R.S. 51:194 in that they sold, offered to sell, and engaged in the business of selling and requiring employees to sell household, office and business appliances, and home and office and business furnishings on Sunday * * *". The bill of particulars as amended states that the defendants were selling "alarm clocks and a wicker headboard".

The motion to quash urges three grounds: First, it is argued that the defendants were operating a "public or private market" and were therefore exempt from the provisions of R.S. 51:194 under R.S. 51:192 and under

the holding in State v. Penniman, 224 La. 95, 68 So.2d 770. Second, defendants urge that alarm clocks and a wicker headboard * are exempt from the ban on Sunday sales both under R.S. 51:192 as items "necessary in sickness" and under R.S. 51:194(E) (2) as "drugs, medicines, medical or surgical supplies and appliances". Third, the defendants argue that alarm clocks and a wicker headboard are not "home or business or office furnishings" or "household, office or business appliances" within the contemplation of R.S. 51:194(A).

Under Code of Criminal Procedure Article 532, among the grounds upon which a motion to quash may be based are that the indictment fails to charge an offense which is punishable under a valid statute, and that a bill of particulars has shown a ground for quashing the indictment under Article 485. Article 485 provides that the court on its own motion may, or on motion of the defendant shall, order an indictment quashed if it appears from the bill of particulars together with any particular appearing in the indictment that the offense charged in the indictment was not committed or that the defendants did not commit it or that there is a ground for quashing the indictment.

Under Article 536 the court is required to limit its consideration of a motion to quash to the objections stated in writing in that motion; and under the grounds here urged the motion must be disposed of as a matter of law on the face of the information and the bill of particulars. The trial court erred in allowing evidence to be heard on this motion to quash. Evidence may be introduced in the consideration of some motions to quash, but the motion which was considered below and is now reviewed by us does not allege a ground which admits of any proof of fact. The court in considering this motion to quash must accept as true the facts set out in the bills of information and in the bill of particulars, and determine whether as a matter of law they charge a crime. The evidence which may be taken on a motion to quash is limited to procedural matters and may not include a defense on the merits. State v. Masino, 214 La. 744, 38 So.2d 622; State v. Conega, 121 La. 522, 46 So. 614; see also State v. Perkins, 248 La. 293, 178 So.2d 255; State v. Ponthieux, 254 La. 482, 224 So.2d 462. We do not consider the evidence taken here in the trial court.

The Louisiana Sunday Closing Law comprises R.S. 51:191–194. R.S. 51:191

---

* The motion to quash addresses itself only to the charge of selling alarm clocks. However, the bill of particulars was amended after the motion was filed, the motion was levelled at the amended as well as the original bill of particulars, and the State and the defense have considered wicker headboards to be included in the motion's scope. We therefore accept the motion to quash as addressing itself to both the charge of selling alarm clocks and the charge of selling a wicker headboard.

requires the closing of all stores, shops, saloons, and all places of public business on Sunday, and forbids the proprietor of such a place to dispose of any article of merchandise kept in the establishment. R.S. 51:192 exempts from the provisions of R.S. 51:191 certain classes of businesses, including "public and private markets", and also allows a store to be opened for the purpose of selling anything necessary in sickness or for burial.

R.S. 51:194, under which these defendants are charged, provides in Subsection (A): "On the first day of the week, commonly designated as Sunday, it shall be unlawful for *any person, whether at retail, wholesale or by auction, to sell, attempt to sell, offer to sell or engage in the business of selling, or require any employee to sell any * * * home or business or office furnishings; any household, office or business appliances * * *."* (Emphasis here and elsewhere has been supplied.) R.S. 51:194(D) and (E) make certain exceptions to the classes of merchandise which under Subsection (A) may not be sold on Sunday. One of these exceptions is "drugs, medicines, medical or surgical supplies and appliances".

■ State v. Penniman, supra, which is relied upon by the defendants, defined "public and private market" under the exceptions from closing provided in R.S. 51:192. That decision is not dispositive of the case before us. The exceptions of R.S. 51:192, as explicitly stated in that provision, apply to the preceding provision, R.S. 51:191; they do not apply to R.S. 51:194, under which these defendants are charged. The question here is not whether the defendants could legally open their place of business on Sunday as a private or public market, but whether they could legally sell on Sunday the items they are charged with selling.

■ The State has almost literally tracked the statute here in charging the offenses in the bills of information. The bill of particulars limits the bills of information when it specifies the items alleged to have been sold as "alarm clocks" and a "wicker headboard". It cannot be said as a matter of law that the clocks and the wicker headboard do not constitute home, business, or office furnishings or household, office, or business appliances.

■ The defendants also argue that the informations should be quashed because the items allegedly sold could be used as medical or surgical supplies and appliances.

Pertinently, Code of Criminal Procedure Article 479 provides: "An indictment shall not be invalid or insufficient for the reason that it fails to *negative an exception, excuse, or proviso contained in the statute creating or defining the offense. An exception, excuse, or proviso must be urged by way of defense.*" A motion to quash such as the one in this case is treated much like the exception of no cause of action in a

civil suit, and must be ruled on as a matter of law.　See State v. Masino, supra;　State v. Conega, supra.　The fact that defendants on the trial of this motion adduced evidence which would affect their guilt or innocence indicates the merit in the law that exceptions must be raised and presented on the trial on the merits.

■　We conclude that the motion to quash based on the grounds here urged is without merit.　The bills of information charge offenses under R.S. 51:194, and the bill of particulars has not disclosed any facts which form a basis for quashing the informations.

The ruling of the trial judge ordering the bills of information quashed is set aside, the motion to quash is overruled, and the case is remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, for further proceedings.