301 So.2d 604 (1974)
STATE of Louisiana, Relator,
v.
James Louis PATTERSON, Respondent.
No. 54568.
Supreme Court of Louisiana.
October 11, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles A. Marvin, Dist. Atty., Henry N. Brown, Jr., Asst. Dist. Atty., for plaintiff-relator.
S. Frank Harlow, Shreveport, for defendant-respondent.
TATE, Justice.
The defendant was arrested by a state policeman within the limits of a municipality. He was charged with two offenses: driving a motor vehicle while intoxicated, La.R.S. 14:98, and resisting arrest, La.R.S. 40:1390.
The defendant filed motions to quash the charges. They were essentially based upon the alleged lack of legal authority of the state policeman to arrest the defendant for the crimes charged within the limits of Bossier City. It was stipulated that the chief executive officer of the city had not officially requested the state police to act within the municipal limits, as allegedly required by La.R.S. 40:1387 (1972). Cf., State v. Swain, 292 So.2d 495 (La.1974).
The trial court sustained the motions and quashed the informations. We granted the State's application for certiorari, 293 So.2d 173, primarily because we entertained doubt that the motion to quash was the proper procedural vehicle to urge the technical and substantive defenses raised. We reverse on that ground and remand.
Generally speaking, the motion to quash is essentially a mechanism by which to raise pre-trial pleas or defenses, those which do not go to the merits of the charge. La.C.Cr.P. arts. 531-534. Thus, the question of evidentiary guilt or innocence of the offense charged may not properly be raised by the motion to quash. State v. Snyder, 277 So.2d 660 (La.1973).
The present issue of non-lawful arrest relates primarily to a defense on the merits including one which could be raised by a motion for a directed verdict. Or, if the issue sought to be raised is unlawful *605 search and seizure because of unlawful arrest, then, as the State suggests, the motion to suppress is the proper procedural vehicle to question the use at the trial of evidence so obtained.
For the reasons assigned, therefore, the motions to quash are overruled, and the case is remanded to the District Court for further proceedings not inconsistent with the views here set forth.
Reversed and remanded.