LEMMON, Justice,
concurring.
I agree that the term “system of merchandising” is not vague and does not render R.S. 51:362 unconstitutional. It is arguable, however, that defendant’s conduct, as described in the stipulation, does not constitute the conducting or carrying on of a system of merchandising by means of an endless chain, for which a permit must be obtained, and that the evidence is therefore insufficient to support a conviction.[1]
*1199 Nevertheless, defendant pleaded guilty to a violation of R.S. 51:362, reserving only his right to challenge the statute’s constitutionality on appeal.[2] Under these circumstances it is inappropriate to consider on appeal the sufficiency of evidence supporting the conviction.

. Merchandising connotes the marketing and sales of merchandise. R.S. 51:361-362 clearly regulate use of a pyramid distribution plan by a manufacturer to sell large quantities of a product under the guise of an employment relationship. It is arguable, however, that the statutes do not apply to endless chain operations which do not involve the sale of merchandise.

. In addition to questioning the constitutionality of the statute the motion to quash asserted that defendant’s conduct did not constitute a violation of R.S. 51:362. As stated above, that issue is not before the court on appeal because of the guilty plea’s expressly limited reservation.
Moreover, the motion to quash is usually an inappropriate vehicle for contesting the sufficiency of the evidence, at least when the motion is not based on a bill of particulars which shows the grounds for the motion. See State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971). Perhaps the stipulation of facts in this case was intended to serve the purpose of the determination of whether the bill of information charges a crime under R.S. 51:362, but we need not face the problem because of the express limitation of issues on appeal.