740 So.2d 768 (1999)
STATE of Louisiana
v.
Edward HAWKINS, Jr.
No. 99-KA-217.
Court of Appeal of Louisiana, Fifth Circuit.
July 2, 1999.
Dale J. Petit, Attorney at Law, Hester, Louisiana, Counsel for defendant-appellant.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and MARION F. EDWARDS.
GAUDIN, Judge.
Edward Hawkins Jr. was convicted by a 12-person jury in St. James Parish of aggravated rape, LSA-R.S. 14:42, and second degree kidnapping, LSA-R.S. 14:44.1. He was sentenced to life imprisonment for aggravated rape and to 30 years at hard *769 labor for second degree kidnapping, to run consecutive to Hawkins' sentence for rape. We affirm both convictions and sentences.
On appeal, Hawkins contends:
(1) the verdict was contrary to the law and evidence, and
(2) his sentence is excessive.
Hawkins was convicted of kidnapping and raping G.M. on the evening of May 25, 1995.

ASSIGNMENT NO. 1
Appellant argues that the evidence was insufficient as the state failed to prove that the victim resisted to the utmost, as required by the statute, which reads in pertinent part:
"... Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
"(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
"(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
"(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon."
The testimony of a victim alone is sufficient to establish the elements of aggravated rape. See State v. Styles, 692 So.2d 1222 (La.App. 5 Cir.1997), writs denied at 703 So.2d 609 (La.1997).
G.M. testified that Hawkins entered her vehicle and told her he had a knife and could kill her. When he drove off in her car, G.M. said she was terrified and that she begged him to let her go. Instead, Hawkins turned off the main roadway and onto a dirt road. There, in the backseat, Hawkins threatened, hit and raped G.M., telling her that he had a knife and would kill her.
Hawkins later told G.M. to get out of the car and once again ordered her to remove her clothing. Hawkins pushed G.M. against the auto and raped her again.
Hawkins then told G.M. to get into the car's trunk. When she refused, he hit her with a crowbar. G.M. tried to run away but she slipped on gravel. Hawkins caught up and again hit G.M. with the crowbar. G.M. fought back. She pushed Hawkins into a ditch before escaping into a sugar cane field, where she hid.
G.M. stated that she remained in the cane field until daybreak when she flagged down a passing motorist, Norris Buchanan.
Buchanan testified that as he was driving down the state highway, he saw G.M. run out of the cane field, naked, flagging people down. Buchanan picked up G.M. and drove her into Donaldsonville, where a convenience store clerk called police. Buchanan said that G.M. was scared and crying.
Detective Nora Stieb of St. James Parish told the court that when she saw G.M., the victim was bruised on the left of her neck, her side, both knees and her right elbow. Photographs in evidence substantiate G.M.'s injuries.
Although G.M. never saw a knife, the jury could reasonably have found that she believed Hawkins had such a weapon and that, as he threatened, he would use it.
Hawkins argues that G.M. could not have resisted to the utmost because she had been drinking in a barroom prior to her confrontation with Hawkins.
In addition to aggravated rape, Hawkins was convicted of one count of second degree kidnapping. LSA-R.S. 14:44.1 states, in pertinent part, that second degree kidnapping is when the victim is physically injured or sexually abused or imprisoned or kidnapped when the offender is armed with a dangerous weapon or *770 leads the victim to reasonably believe he is armed with a dangerous weapon. The victim must have been forcibly seized and carried from one place to another.
Hawkins argues that the state failed to prove that he forcibly carried G.M. from one place to another. She testified that Hawkins forced his way into her car and drove her to a dirt road off of Highway 3127. She further testified that she was threatened, beaten and raped. The jury found her testimony to be credible. The credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be reweighed on appeal. See State v. Rowan, 694 So.2d 1052 (La.App. 5 Cir.1997).
G.M.'s testimony was sufficient to prove that Hawkins carried her from one place to another, and that she was sexually abused.

ASSIGNMENT NO. 2
For aggravated rape, Hawkins received a mandatory sentence of life imprisonment. Later, for second degree kidnapping, he received a sentence of 30 years at hard labor, to run consecutive to the life sentence. It is the 30 year sentence that Hawkins argues is excessive.
In imposing the 30-year sentence, the trial judge stated:
"This is a case of a 32-year old, black male, who was found guilty of Second Degree Kidnapping on September 13th, 1996. On June 20th, 1997 a Presentence Investigation was ordered, an "Inmate Sentencing Disclosure Report" was ordered and filed herein and attached hereto and made a part hereof by reference and has been made available to the Defendant and his counsel.
"According to testimony at trial in the police reports of the defendant and the victim's statement, the defendant kidnapped the victim by jumping into her car and forcing her to drive to a secluded area where he then raped the victim for approximately one (1) hour. The defendant then took the victim's clothes and struck the victim with a crowbar several times. The victim was able to get away and hid in a field.
"According to the criminal history found in the"Presentence Investigation Report," this defendant does have an extensive criminal record: The defendant was arrested on September 18th, 1982 for Simple Battery. On January 11th, 1983 the defendant pled guilty and was sentenced to $50 and court costs or 10 days in parish jail. On June 20th, 1985 the defendant was arrested for Theft and Aggravated Assault. The defendant pled guilty and paid $297 for fines and court costs. On June 25th, 1986, defendant was placed on probation for Simple Burglary. On December 7th, 1987, the defendant's probation was revoked. On March 7th, 1991 defendant was released on diminution of sentence. On April 20th, 1992 the subject's parole was revoked. On May 21st, 1993 defendant was released on diminution of sentence and on October 20th, 1994 the defendant's parole was terminated satisfactory.
"In considering the factors mandated by Article 894 of the Code of Criminal Procedure, the Court makes the following findings:
"The Court believes that there is an undue risk that during the period of a suspended sentence or probation this defendant would commit another crime; that he is in need of correctional treatment or a custodial environment which can be provided most effectively by his commitment to an institution; and that any lesser sentence than the one to be imposed herein would deprecate the seriousness of this offense. The Court also finds that the defendant knew or should have known that he knowingly created a risk of death or great bodily harm to the victim of this crime. The offender used a dangerous weapon in the commission *771 of this crime, namely, a crowbar. Obviously the defendant's criminal conduct caused and threatened serious harm. The Court finds the total lack of provocation for this offense. The Court has not been provided with any information that would indicate that anyone induced the defendant to commit the crime. The Court further finds that the imprisonment of this defendant would not result in any excessive hardship to himself or his dependents. Because of the heinous nature of this crime, the Court feels that there is no alternative but to incarcerate this defendant for a substantial period of time. For the above reasons, it is the sentence of this Court that the defendant be committed to the Department of Corrections at hard labor, for a period of 30 years, to run consecutive with other sentence for Aggravated Rape handed down by the Court."
Hawkins contends that the combined sentences are excessive because he is "a young, first offender." However, Hawkins has a criminal background. In any event, trial judges have wide discretion in sentencing. Considering the trial judge's well-articulated reasons here and the facts and circumstances of the crimes Hawkins was convicted of, we cannot say that the combined sentences were either an abuse of discretion or that they were constitutionally excessive.

ERROR PATENT
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. The trial court in this case did not so inform Hawkins. We remand for the trial court to send written notice of the prescriptive period to Hawkins and to file written proof in the record that he received such notice.
Hawkins' convictions and sentences are affirmed. We remand only for Art. 930.8 notice to be sent.
CONVICTIONS AND SENTENCES AFFIRMED. REMANDED ONLY FOR ART. 930.8 NOTICE TO BE SENT.