I JAMES L. CANNELLA, Judge.
The State appeals from a judgment which granted the Motion to Quash filed by the Defendant, Momea Dufrene. For the reasons which follow, we reverse and remand.
There are few facts of record in this case because it was decided pre-trial on a Motion to Quash. The Motion to Quash indicates that the police were called on a report that the Defendant had scratched a 2000 Dodge Intrepid vehicle belonging to the Defendant’s ex-husband, Wayne Du-frene. The bill of information, filed December 4, 2001, charged the Defendant with criminal damage to an automobile, with the damage amounting to over $500, in violation of La. R.S. 14:56.
In her motion, the Defendant alleged that she was a co-owner of the property in question and argued that, as a matter of law, she could not be guilty of criminal damage to one’s own property.
La R.S. 14:56 provides in pertinent part:
Simple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55, by any means other than fire or explosion.
DOn April 1, 2002, at the hearing on the Defendant’s motion, the State introduced into evidence a copy, in globo, of the divorce agreement whereby ownership of the 2000 Dodge Intrepid was granted to Wayne Dufrene, with the Defendant agreeing to give up all of her interest in the vehicle. The Defendant introduced exhibits of the Sevier County Bank loan and the title, both to the vehicle, with her name on them. No testimony was taken. The Defendant argued that the transfer of ownership never took place and that the Defendant was still a co-owner of the vehicle. The State argued that the Defendant ceased being an owner of the vehicle by the divorce agreement irrespective of whether there was a title transfer.
After considering the exhibits and the arguments of counsel, the trial court found that the provision in the divorce agreement, without a change of title, was not sufficient to deprive the Defendant of an ownership interest in the vehicle. Thus, he found that she could not be found guilty of committing criminal damage to property *48 and granted the Motion to Quash the bill of information. It is from this ruling that the State appeals.
The only issue presented in this appeal is whether the trial court erred in granting the Defendant’s motion because she was a co-owner of the vehicle that she is charged with damaging
In State v. Perez, 464 So.2d 737 (La.1985), the Supreme Court discussed the nature of a motion to quash and stated:
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be Uadduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 150, 255 So.2d 720 (1971); State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged may not be raised by the motion to quash. State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974); State v. Snyder, 277 So.2d 660 (La.1973).
La.C.Cr. P. arts. 532 and 534, specifying the grounds for quashing a bill of information, provide:
Art. 532. General grounds for motion to quash
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
Ik Art. 534. Special grounds for motion to quash information
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
*49 (2) The offense is not one for which prosecution can be instituted by an information.
Here, the Defendant raised no issue regarding the sufficiency of the bill of information. Further, she does not argue that the bill of information is defective in failing to advise her of the specific crime with which she was charged, or that it failed to charge a valid offense. Rather, the issue raised is whether the damaged property belonged to another and was damaged without the consent of the owner, a defense on the merits. As such, it is not properly considered by a Motion to Quash.
In State v. Inchaustequi, 97-189, (La.App. 5th Cir.9/17/97), 700 So.2d 884, this Court examined a similar issue. The defendant in that case was charged with unauthorized entry of an inhabited dwelling and simple burglary of an inhabited dwelling. The defendant filed a motion to quash alleging that he was a co-owner of the property and, therefore, his entry could not be unauthorized. The trial court granted the defendant’s motion to quash, and this Court reversed that ruling on appeal. This Court reasoned that, in order to determine whether the defendant’s entry was unauthorized, several factors must be considered, including initial ownership, the status of the property at the time of defendant’s entry, and the living status of the parties. This Court held that a determination of whether defendant’s entry was unauthorized was a factual question that must go to the merits of the case for determination at trial and was not properly considered by a motion to quash.
The Defendant herein, by her Motion to Quash, is arguing that she has a valid defense on the merits, that she is a co-owner of the property and, therefore, the vehicle does not belong to another and was not damaged without the consent of | ¿the owner. In addressing this argument, we must consider several factors: the initial ownership of the property, the effect of the divorce agreement, the effect of the loan agreement, the relevance of the title remaining in her name, and the status of the property at the time the Defendant damaged it. We find that all of these considerations address the merits of the case.
Therefore, we find that the determination of whether or not the Defendant was a co-owner of the property such that it was not the “property of another” damaged “without the consent of the owner” is a factual matter which must go to the merits of the case and is a question for trial. This defense may not be considered by a motion to quash the bill of information. The trial court, therefore, erred in granting the Motion to Quash.
Accordingly, we reverse the trial court judgment which granted the Motion to Quash and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.