860 So.2d 266 (2003)
STATE of Louisiana
v.
Raymond C. MULVIHILL.
No. 03-KA-691.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2003.
*267 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Frank A. Brindisi, Assistant District Attorneys, Gretna, LA, for State.
William M. Detweiler, J.D., Metairie, LA, for defendant-appellee.
Panel composed of SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The State appeals from a judgment which granted the Motion to Quash filed by Defendant, Raymond C. Mulvihill. For the reasons which follow, we reverse and remand.
On December 16, 2002, the Jefferson Parish District Attorney's Office filed a bill of information charging Defendant, with operating a vehicle while intoxicated in violation of LSA-R.S. 14:98, having twice been previously convicted of violating LSA-R.S. 14:98. On March 24, 2003, Defendant filed a Motion to Quash the Bill of Information alleging that the State's response to his Motion for a Bill of Particulars was insufficient and lacked specificity to substantiate prosecution under the provisions of LSA-R.S. 14:98. On April 4, 2003, prior to the hearing on the Motion to Quash, the State moved for a continuance due to the unavailability of its witness. The motion was denied. Thereafter, the trial court heard and granted Defendant's Motion to Quash.
Detailed facts underlying the instant charge are not evident in the record; however, at the hearing on the Motion to Quash, Defendant alleged that the police report indicated he was sleeping in his vehicle while parked in a parking lot and that such facts could not support a charge of operating a vehicle while intoxicated. The State responded that there was evidence Defendant was intoxicated and sleeping in the driver's seat of a vehicle while the engine was running. After inquiring whether or not the vehicle was in gear, to which the State was unable to provide a response, the trial court granted Defendant's Motion to Quash.
The State contends that the trial court erred in granting Defendant's Motion to Quash the bill of information because Defendant's motion did not urge any of the grounds for granting a motion to quash provided in LSA-C.Cr.P. art. 532 and that the evidence is sufficient to support a charge of operating a vehicle while intoxicated under LA-R.S. 14:98.
In State v. Perez, 464 So.2d 737 (La.1985), the Louisiana Supreme Court discussed the nature of a motion to quash and stated:
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters *268 which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. it is treated much like an exception of no cause of action in a civil suit. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 150, 255 So.2d 720 (1971); State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974); State v. Snyder, 277 So.2d 660 (La.1973).
State v. Perez, 464 So.2d at 739-740; State v. Jordan, 00-1609 (La.App. 5 Cir. 10/18/00), 774 So.2d 267, 276, writ denied, 01-3329 (La.11/9/01), 801 So.2d 363; State v. Inchaustequi, 97-189 (La.App. 5 Cir. 9/17/97), 700 So.2d 884, 885.
LSA-C.Cr.P. arts. 532 and 485 specify the grounds for quashing a bill of information and provide:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
LSA-C.Cr.P. art. 485 provides:
If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.
*269 Although Defendant's Motion to Quash urged a ground for quashing the indictment under LSA-C.Cr.P. art. 532, specifically that the bill of particulars had shown a ground for quashing the indictment under Article 485, Defendant's argument at the hearing on the motion related to the sufficiency of the evidence and merits of the case. Such factual matters are not properly raised by a motion to quash.
In State v. Allo, 510 So.2d 14 (La.App. 5 Cir.1987), writ denied, 514 So.2d 1174 (La.1987), the defendant filed a motion to quash the bill of information charging him with obscenity alleging that the offense lacked a necessary element, that the offense took place on property open to public view. This Court held that the trial court did not err in denying the motion. The court reasoned that defendant was essentially arguing the sufficiency of evidence and that, even if defendant's allegation was true, it was addressing a factual matter which went to the merits of the case. The court concluded that a motion to quash was not the proper procedural vehicle to raise such an issue.
Furthermore, in State v. Sims, 426 So.2d 148 (La.1983), a case factually similar to the instant case, a deputy spotted a vehicle on the shoulder of a highway with its headlights engaged and engine running. When the deputy approached the vehicle he observed the defendant sleeping in the driver's seat and noticed the smell of alcohol. The deputy noted that the defendant slurred his words and was swaying as he exited the vehicle. After performing poorly on two field sobriety tests, defendant was placed under arrest for DWI. The Louisiana Supreme Court held that, although there were no eyewitnesses or direct proof that the defendant actually operated his vehicle while intoxicated, the only reasonable hypothesis, based on the circumstantial evidence, was that the defendant had done so.
Based on the above, we find that the determination of whether or not the Defendant was "operating a vehicle" is a factual matter which must go to the merits of the case and is a question for trial. Therefore, the trial court erred in granting the Motion to Quash.
Accordingly, we reverse the trial court judgment which granted the Motion to Quash and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.