# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-380

**STATE OF LOUISIANA**

**VERSUS**

**M.J.S.**[1]

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 270,297
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

### AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Michael A. Brewer
1330 Jackson St.
Alexandria, LA 71303
Counsel for Defendant-Appellant
        M.J.S.

M.J.S.
490382, Hickory 2
Louisiana State Prison
Angola, LA 70712
        Pro Se

Thomas C. Walsh, Jr.
P.O. Drawer 1472
Alexandria, LA 71309
Counsel for Appellee
        State of Louisiana

---

[1] Initials will be used throughout the opinion as necessary to protect the victims' identities, in accordance with La.R.S. 46:1844(W)

PAINTER, Judge.

Defendant, M.J.S., appeals his conviction on two counts of aggravated rape, six counts of oral sexual battery, and two counts of aggravated crime against nature. He asserts that the trial court improperly failed to grant his motion to quash and that the lack of credibility of the victims rendered the evidence insufficient to support a conviction. Therefore, he argues that the conviction should be reversed. Finding that the evidence was sufficient to convict and that the motion to quash was properly denied, we affirm.

PROCEDURAL HISTORY

On July 30, 2003, Defendant was indicted by a Rapides Parish grand jury on two counts of aggravated rape, in violation of La.R.S.14:42, six counts of oral sexual battery, in violation of La.R.S.14:43.3, and two counts of aggravated crime against nature, in violation of La.R.S.14:89.1. He was arraigned on August 15, 2003, and entered pleas of not guilty to all charges. Defendant waived his right to trial by jury on October 25, 2004.

Following a bench trial on November 17, 2004, Defendant was found guilty of all charges. On December 1, 2004, he filed a motion for a new trial, which was denied. He was sentenced to life imprisonment, without benefit of probation, parole or suspension of sentence, on each of the two counts of aggravated rape. He was further sentenced to serve five years with the Department of Corrections on each of the six counts of oral sexual battery and ten years on each of the two counts of aggravated crime against nature. All sentences were ordered to be served concurrently with each other. A motion for appeal was timely filed on December 6, 2004.

1

FACTS

Lillie Evans, a Detective with the Alexandria Police Department, was contacted by an investigator with the Rapides Parish Office of Child Protection, and advised that M.J.S., II was being interviewed at the Children's Advocacy Center. She was further told that J.S., stepmother of M.J.S., II, had contacted Child Protection and reported that M.J.S., II had disclosed to her that his father, the Defendant herein, had been sexually abusing him.

M.J.S., II was interviewed by Karae Stracener, a forensic interviewer with the Children's Advocacy Center. Upon Detective Evans' arrival, she was able to observe the interview through a remote video feed on a television located in a room separate from the one in which the interview was being conducted.

Through this observation and a subsequent interview with M.J.S., II, Detective Evans was advised of a history of sexual abuse by Defendant, and also learned of the alleged abuse of C.S., a neighborhood friend of M.J.S., II, by Defendant. At the time of the occurrence of the incidents for which Defendant was charged, M.J.S., II, born in 1987, was twelve years of age, and C.S., born in 1986, was approximately 13 years old. The Defendant was approximately 30 years old at the time.

M.J.S., II told investigators, and later testified at trial, that the sexual abuse began when he was five and continued until he was fifteen. Sexual abuse allegedly occurred in multiple states and jurisdictions. The alleged incidents for which Defendant was arrested and charged occurred on or between January 1, 1998 and December 31, 1999, while the Defendant was residing in Alexandria, Louisiana. Each incident was alleged to have occurred during the time that Defendant, M.J.S., II, and J.S., Defendant's then girlfriend, lived on Greenway Street in that city.

2

Subsequently, the Defendant was arrested. After being read his Miranda rights, he was questioned, but would not respond. Defendant appeals his conviction.

DISCUSSION

ERRORS PATENT

After reviewing the record for errors patent pursuant to La.Code Crim.P. art. 920, the court finds an error in the minutes of sentencing.

This court finds that the minutes of sentencing are in need of correction. The Defendant was found guilty of two counts of aggravated rape, six counts of oral sexual battery, and two counts of aggravated crime against nature. According to the transcript of sentencing, the trial court specifically stated that the sentences were being imposed on *each count*. This court finds that the minutes of sentencing do not clearly state that the sentences were imposed on *each count*. The minutes set forth the sentences as follows:

> Court sentenced accused for RAPE, AGGRAVATED. RAPE, AGGRAVATED. Court sentenced the accused to be committed to the Louisiana Department of Corrections to serve LIFE. Sentence to be without benefit of probation, parole or suspension of sentence.
>
> Court sentenced accused for BATTERY, ORAL SEXUAL. BATTERY, ORAL SEXUAL. BATTERY, ORAL SEXUAL. BATTERY, ORAL SEXUAL. BATTERY, ORAL SEXUAL. BATTERY, ORAL SEXUAL. Court sentenced accused to be committed to the Louisiana Department of Corrections. Accused to serve 005 Year(s). Sentence is to be served at Hard Labor. Sentence is to run concurrent. Sentence to be without benefit of parole. Sentence is to be without benefit of Probation. Sentence is to be without benefit of Suspension of Sentence.
>
> Court sentenced accused for CRIME VS NATURE, AGG. . CRIME VS NATURE, AGG. . BATTERY, ORAL SEXUAL. Court sentenced accused to be committed to the Louisiana Department of Corrections. Accused to serve 010 Year(s). Sentence is to be served at Hard Labor. Sentence is to run concurrent. Sentence to be without benefit of parole. Sentence is to be without benefit of Probation. Sentence is to be without benefit of Suspension of Sentence.

3

The third paragraph in the minutes implies that the trial court imposed a ten-year sentence for oral sexual battery. The transcript of sentencing, however, indicates that the trial court imposed a five-year sentence on each of the six counts of oral sexual battery and a ten-year sentence on each of the two counts of aggravated crime against nature. A ten-year sentence was not imposed on any of the counts of oral sexual battery.

This case is remanded and the trial court is instructed to amend the minutes of sentencing to correctly reflect that sentences were imposed on each count and to delete the reference to oral sexual battery in the paragraph setting forth the sentences imposed for aggravated crime against nature.

SUFFICIENCY OF THE EVIDENCE

Counsel for Defendant urges that the evidence was not sufficient to support the conviction. He bases his argument solely on the alleged lack of credibility of the victims. He urges that inconsistencies between information furnished by the victims in various pre-trial statements and their testimonies at trial justify reversal. With regard to sufficiency of the evidence, this court held in *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

In brief, counsel suggests that a number of inconsistences affect the credibility of M.J.S., II. Counsel also asserts that C.S. lacked credibility. He argues that the testimony should be discounted since M.J.S., II and C.S. were good friends and, because C.S. continued to go to Defendant's home after the first sexual encounter. At trial, C.S. testified that the Defendant had anal sex with him more than one time, and performed oral sex on him more than three times.

The arguments urged by counsel herein were also heard in closing argument. The trial judge was fully aware of the inconsistencies complained of and yet clearly found the testimony of M.J.S., II and C.S. to be credible. While the testimonies of the victims corroborate one another, no corroboration of the victims' testimonies was required:

> The testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense. *State v. Hotoph*, 99-243 (La.App. 5th Cir.11/10/99), 750 So.2d 1036, 1045, *writ denied*, 99-3477 (La.6/30/00), 765 So.2d 1062 and 00-0150 (La.6/30/00), 765 So.2d 1066; *State v. Hawkins*, 99-217 (La.App. 5th Cir.7/2/99), 740 So.2d 768, 769; *State v. Hubbard*, 97-916 (La.App. 5th Cir. 1/27/98), 708 So.2d 1099, 1104, *writ denied*, 98-0643 (La.8/28/98), 723 So.2d 415.

*State v. Schexnaider*, 03-144, p. 9 (La.App. 3 Cir. 06/12/03), 852 So.2d 450,457.

Defendant and his counsel urge only that the lack of credibility of the victims renders the evidence insufficient to support the conviction. It is not a function of this court to evaluate credibility beyond the bounds of rationality, in other words, beyond consideration of whether a rational trier of fact, viewing the evidence from a pro-prosecution standpoint, could have found guilt beyond a reasonable doubt. Our review of the evidence convinces us that, viewing it in the light most favorable to the prosecution, a rational trier of fact could have found guilt beyond a reasonable doubt. Finding nothing irrational in the trial court's credibility evaluations, we find no error.

MOTION TO QUASH

Defendant, both pro se and through counsel, argues that the trial court erred in denying his motion to quash the bill of indictment. Defendant moved to quash the bill on grounds that discovery and statements by M.J.S., II failed to prove that penetration, a necessary element of aggravated rape, occurred during the time frame charged. Additionally, he argues that, as a result, the prosecution failed to establish that any aggravated rape of M.J.S., II occurred within the jurisdiction of the court. The motion is silent as to any charge involving C.S.

Louisiana Code of Criminal Procedure Article 532 (footnote omitted) provides:

A motion to quash may be based on one or more of the following grounds:

(1) The indictment fails to charge an offense which is punishable under a valid statute.

(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.

(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.

(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

(6) Trial for the offense charged would constitute double jeopardy.

(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

(8) The court has no jurisdiction of the offense charged.

(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

Louisiana Code of Criminal Procedure Article 485 states:

> If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.

In *State v. Mulvihill*, 03-691, p. 3 (La.App. 5 Cir. 10/28/03), 860 So.2d 266, 267-68, an appeal by the state from the granting of a motion to quash, the court explained the use of the motion to quash:

> In *State v. Perez*, 464 So.2d 737 (La.1985), the Louisiana Supreme Court discussed the nature of a motion to quash and stated:
>
> > The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. [I]t is treated much like an exception of no cause of action in a civil suit. *State v. Gerstenberger*, 260 La. 145, 255 So.2d 720 (1971).
>
> > In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. *State v. Gerstenberger*, 260 La. 145, 150, 255 So.2d 720 (1971); *State v. Ponthieux*, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. *State v. Rembert*, 312 So.2d 282 (La.1975); *State v. Patterson*, 301 So.2d 604 (La.1974); *State v. Snyder*, 277 So.2d 660 (La.1973).

Therefore, a motion to quash is decided on the face of the bill of information and the bill of particulars. Here, however, Defense counsel concedes that open file

7

discovery from the State was accepted in lieu of a bill of particulars.[2] In accepting open file discovery, Defendant entered into a joint stipulation with the State acknowledging satisfaction of the State's obligation to provide a bill of particulars. It has been recognized that open file discovery relieves the state of the necessity of answering a motion for a bill of particulars. *State v. Glynn*, 94-332 (La.App. 1 Cir. 4/7/95), 653 So.2d 1288, *writ denied*, 95-1153 (La. 10/6/95), 661 So.2d 464; *State v. Jones*, 544 So.2d 1209 (La. App. 3 Cir. 1989). The trial court stated on July 17, 2004, with regard to the motion for bills of particulars: "Court orders this motion satisfied."

Defendant now urges that materials obtained through open file discovery are to be treated as if they constitute a bill of particulars filed by the State for purposes of interpretation of La.Code Crim.P. art. 485. He offered into evidence, in support of this argument, two statements of the victim, M.J.S., II, which, over objection by the State, were admitted into evidence. However, he offers no law in support of his contention that open file discovery can be substituted for a bill of particulars for purposes of La.Code Crim.P. art. 485. Further, this court can find no authority for such an interpretation.

Defendant asserts that the open file discovery shows that the element of penetration required to prove aggravated rape was absent. However, even if this court were to accept the open file discovery in lieu of a bill of particulars for purposes of the motion to quash, Defendant's motion would fail. The court in *Mulvihill*, 860 So.2d 266, stated that factual matters, such as sufficiency of the evidence, are not properly raised by the motion to quash.

---

[2] The State filed a bill of particulars in response to a motion filed by prior counsel for Defendant. Trial counsel filed two additional motions for bills of particulars and was furnished open file discovery in lieu thereof. Defendant does not argue that the bill of particulars found in the record has any significance to the motion to quash.

In *State v. Gerstenberger*, 255 So.2d 720, 722 (La. 1971) (emphasis added), the court addressed the application of La.Code Crim.P. arts. 485 and 532, stating:

> Under Article 536 the court is required to limit its consideration of a motion to quash to the objections stated in writing in that motion; and under the grounds here urged the motion must be disposed of as a matter of law on the face of the information and the bill of particulars. The trial court erred in allowing evidence to be heard on this motion to quash. Evidence may be introduced in the consideration of some motions to quash, but the motion which was considered below and is now reviewed by us does not allege a ground which admits of any proof of fact. The court in considering this motion to quash must accept as true the facts set out in the bills of information and in the bill of particulars, and determine whether as a matter of law they charge a crime. *The evidence which may be taken on a motion to quash is limited to procedural matters and may not include a defense on the merits*.

The bill of indictment, absent a bill of particulars, was the sole point of reference for purposes of disposing of the motion. Defense counsel did not, in either his motion to quash, or in argument, urge any defect in the charging language, but rather sought to test the sufficiency of the State's evidence, improperly, in a motion to quash. In his pro-se brief, Defendant argues for the first time that the bill of indictment was defective on its face. This objection seems to be to the use of the short form indictment employed by the State. He urges that the indictment was inadequate to apprise him of all elements of the charged crime and, in particular, that penetration was required. Under Uniform Rules–Courts of Appeal, Rule 1-3, those issues not first presented to the trial court are beyond the scope of appellate review unless the interest of justice requires otherwise. Therefore, Defendant's failure to raise the issue of the adequacy of the language of the charging instrument in the trial court precludes review by this court. Accordingly, we find that the trial court did not err in denying the motion to quash.

PRODUCTION OF RECORDS

Defendant, in his pro se brief, complains of being without a record of the prior proceedings and prays that this court order the Clerk of Court for the Ninth Judicial District Court to provide him with a copy "of the court records of his trial or to direct the attorney of records to do so." However, there is nothing in the record that indicates that Defendant sought production in the trial court. Accordingly, there is nothing preserved for review. *See* Uniform Rules—Courts of Appeal, Rule 1-3. The relief sought can be addressed in an application for post-conviction relief.

CONCLUSION

For these reasons, the Defendant's convictions are affirmed. The case is remanded and the trial court is instructed to amend the minutes of sentencing to correctly reflect that sentences were imposed on each count, and to delete the reference to oral sexual battery in the paragraph of the minutes setting forth the sentences imposed for aggravated crime against nature.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**