DIXON, Justice.
On June 28, 1973 defendant while operating a vehicle within the city limits of Baton Rouge, Louisiana was arrested by a State trooper for driving while intoxicated. R.S. 14:98. At trial the defendant objected to the arresting officer testifying arguing that the State must establish the authority of the trooper to make the arrest before he could testify. The trial court sustained the objection finding that the trooper did not have authority to arrest the defendant. The State sought writs to review that ruling. We granted certiorari. *496 R.S. 40:1379 provides in pertinent part:
“Police employees of the division are peace officers and have, in any part of the state, the same powers with respect to criminal matters and the enforcement of the law relating thereto as sheriffs, constables, and police officers have in their respective jurisdictions.
“The duties imposed by this Section are, however, subject to the provisions of R. S. 40:1386 and 40:1387.”
R.S. 40:1386 is not relevant to the instant case.
R.S. 40:1387 provides in pertinent part:
“Except as provided in R.S. 40:1386, the police employees of the division of state police shall not act within the limits of any incorporated municipality which maintains a police force except:

“(3) When requested to act by the chief executive officer of the municipality in question or its chief police officer, as provided under R.S. 40:1391; . . •”
R.S. 40:1391 provides in pertinent part:
“The department of public safety may, on request of any chief police officer of any local government unit in the state, assist such officer in the investigation of the circumstances of any crime and in the identification, apprehension, and conviction of the perpetrators thereof. For this purpose it may detail such employees of the division of state police for such length of time as it sees fit.”
On February 21, 1973 the chief of police of the City of Baton Rouge had, by letter, requested that the state police issue citations when they encountered hazardous moving violations within the city limits of Baton Rouge.
In sustaining defendant’s objection, the trial court reasoned that R.S. 40:1391 only contemplates offenses which have been completed and the state police are then requested to give assistance.
We disagree. We do not read this section to require the request for assistance be particularized or in response to a completed offense.
The primary purpose of the limitation of the authority of state police officers contained in R.S. 40:1387 is to aid in the ef-fectuation of the home rule provisions of our Constitution and to prevent unwarranted intrusions into local affairs by state police officials.
A request that the state police aid local authorities by exercising their law enforcement function whenever they encounter criminal activity does not contravene either the language or the purpose of the statutory limitation on the authority of state police officers to act within incorporated municipalities with police forces, and state police officers can properly act under such a request.
For the reasons assigned the ruling of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
CALOGERO, J., concurs in the result.