WILLIAMS, J.,
dissenting.
hi respectfully dissent.
*1088 Based on a stipulation by the state and the defense, the trial court ruled that only the initial stop (up to the point where the state trooper activated his blue lights) would be considered and “if the initial stop is suppressed,” then the DWI would “be suppressed also.” The trial court then proceeded to quash the speeding ticket, but denied the motion to suppress the evidence with regard to the DWI.
LSA-R.S. 40:1379 provides, in pertinent part:
A. The police employees of the division shall prevent and detect crime, apprehend criminals, enforce the criminal and traffic laws of the state, keep the peace and good order in the state in the enforcement of the state’s police powers, and perform any other related duties imposed upon them by the legislature. B. Police employees of the division are peace officers and, any provision of the law to the contrary notwithstanding, except R.S. 40:1386,11[10]3 they have, in any part of the state, the same powers with respect to criminal matters and the enforcement of the law relating thereto as sheriffs, constables, and police officers have in their respective jurisdictions....
(Emphasis added). However, LSA-R.S. 40:1388 provides:
The mayor or chief police officer of any municipality and the sheriff of any parish within this state may contract \ 9with the department, acting on behalf of the state, for the regular assignment of an agreed number of employees of the division of state police to the municipality or parish, as the case may be, so as to provide police protection therein and to enforce both state laws and local ordinances, in consideration of the payment by the municipality, parish, or other unit of government of a sum agreed upon by them and the department. The department may enter into such a contract or contracts or may refuse to do so for the good of the service.

Any police employee of the division so assigned shall continue to have all the powers and duties granted and bestowed in this Sub-part but he shall not be subject to the restrictions contained in R.S. 10:1886 and 10:1387 with reference to the municipality to which he has been assigned.

(Emphasis added).
In State v. Swain, 292 So.2d 495 (La.1974), the defendant was arrested by a state trooper while operating a vehicle within the city limits of Baton Rouge. The Supreme Court reversed the trial court’s determination that the state trooper lacked the authority to arrest the defendant, pointing out that the chief of police for the city of Baton Rouge had, by letter, requested the state police to issue traffic citations within the city limits. Nevertheless, the Court recognized the limitations of the state police’s authority, stating:
The primary purpose of the limitation of the authority of state police officers contained in R.S. 40:1387 is to aid in the effectuation of the home rule provisions of our Constitution and to prevent unwarranted intrusions into local affairs by state police officers.
Id. at 496.
In the instant case, no municipal or parish authority had contracted with or re *1089 quested the assistance of the state police. Thus, the state trooper’s |astop and arrest of the defendant constituted an unwarranted intrusion into local affairs by a state police officer. Since the initial stop for the speeding violation was invalid, then the trooper’s subsequent observations of the defendant’s alleged intoxication were a product of an illegal detention and should have been suppressed. See, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.
For the foregoing reasons, I would reverse the trial court’s ruling on the motion to suppress.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, PEATROSS, DREW and LOLLEY, JJ.
Rehearing denied.

. LSA-R.S. 40:1386 provides, in pertinent part:
The police employees of the division shall not be used or called upon for service within any municipality in any industrial dispute unless actual violence has occurred therein or the threat of violence exists and then only by order of the superintendent of state police.... The provisions of this Section do not apply in the case of a municipality which has elected to operate under a contract pursuant to R.S. 40:1388.