255 So.2d 719

STATE of Louisiana

v.

Warren GARRISON.

No. 51136.

Dec. 13, 1971.

John J. Dolan, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

DIXON, Justice.

After conviction for armed robbery, the defendant was sentenced to a ninety-nine year term. He reserved one bill of exceptions.

That bill complained of the failure of the trial court to grant a mistrial. The motion for mistrial was made when the State, on rebuttal, recalled a taxi driver who had been a witness for the State's case in chief. The prosecutor questioned the witness about an encounter with the accused and a companion.[1]

1. "Q. Mr. White, in the early morning hours of the day, of which I am not familiar with, did you observe Warren Garrison and another individual walk up to your cab where you were sitting? "A. Yes.

The defendant now contends that the testimony elicited was not proper rebuttal, but was merely introduced for the purpose of discrediting the testimony of the accused before the jury.

The State argues that the testimony was introduced for a legitimate purpose: to contradict testimony of the accused which inferred a friendly relationship between himself and the taxi driver, when actually the taxi driver was apprehensive that the accused was engaged in criminal activities directed toward him.

■ The record does reflect that the accused testified that he was on such a relationship with the taxi driver that the driver would offer to transport him without cost. Contradiction is one means of rebutting testimony of a witness. State v. Poe,

"Q. Would you tell the Court about that incident, and what your impression was?
"BY MR. DOLAN: I object to that, Your Honor, to his impressions. Tell the facts, Your Honor.
"BY MR. MARCAL:
"Q. Tell the Court the facts, Mr. White?
"A. I was sitting in my cab on St. Bernard and the defendant and another person, whom I don't know, was walking on the east side of the street, and as I looked in the mirror and saw them approaching towards the cab, I didn't feel too sure of myself, and I got out of the cab, and walked over across the street, and as I got over to the other side I met the defendant, and he spoke to me, and he went on down the street, and as they went on down the street and got to the other corner, they came back. That is when they came back together on the same side of the street.

214 La. 606, 38 So.2d 359. See also State v. Pousson, 134 La. 279, 63 So. 902.

■ The testimony adduced by the State was not, as argued by the defendant, that of another unrelated criminal act. The testimony concerned the relationship between the taxi driver and the accused. The taxi driver did not testify that the accused attempted to rob him. He merely told what, as he put it, "was in my mind." Although there were other ways to ask, and other ways to answer questions about the relationship between the taxi driver and the accused, the testimony complained of was proper rebuttal, and did not constitute grounds for a mistrial. There is no merit in the bill.

The conviction and sentence are affirmed.

"Q. Did you feel that this—
"BY MR. DOLAN: I am going to object to that question, Your Honor.

"BY THE COURT: I sustain the objection.

"BY THE COURT: Wait a minute. You said you felt uneasy. Tell the Jury what you mean.
"A. I felt they were trying to get together and hold me up. That was in my mind. They didn't say anything to me, or anything.

"BY MR. DOLAN: Your Honor, at this time I am going to move for a mistrial, based on the testimony elicited from the witness, and the question asked by the District Attorney.
"BY THE COURT: Your motion for a mistrial is denied."