STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-270

STATE OF LOUISIANA

VERSUS

JAMES MANUEL TURNBO

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, DOCKET NO. 04-279
HONORABLE W. PEYTON CUNNINGHAM, JUDGE PRO TEMPORE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

James F. Slaughter
403 Second Street
Colfax, Louisiana 71417
(318) 627-5999
COUNSEL FOR DEFENDANT/APPELLANT:
    James Manuel Turnbo


James P. Lemoine
District Attorney -- Thirty-fifth Judicial District
ADA Jimmy D. White
Post Office Box 309
Colfax, Louisiana 71417-0309
(318) 627-2971
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On April 28, 2004, the Defendant, James Manuel Turnbo, was charged by bill of information with creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine, in violation of La.R.S. 40:983(A)(3), and illegal carrying of weapons, in violation of La.R.S. 14:95(E). The Defendant entered a plea of not guilty to both charges on June 3, 2004.

Pursuant to trial by jury, a verdict of guilty as charged was rendered on July 21, 2006. On September 7, 2006, the Defendant was sentenced to eight years at hard labor for the drug-related offense and to five years at hard labor, without benefit of probation, parole, or suspension of sentence, for the weapons offense. The sentences were ordered to run concurrently. Defendant timely filed a Motion to Reconsider Sentence which was denied on October 4, 2006.

The Defendant appeals, asserting five assignments of error. He alleges: (1) that his Motion to Quash should have been granted; (2) that numerous exhibits should not have been introduced into evidence at trial; (3) that the calling of a rebuttal witness by the State was improper; (4) that his sentence was excessive; and (5) that he be granted a review for errors patent.

## FACTS

On February 3, 2004, police went to the home of the Defendant in order to serve an arrest warrant on Carlton Hall (Hall). The Defendant informed police that Hall lived in a mobile home on his property. The Defendant then allowed police to look through his home for Hall, who was not present.

The Defendant subsequently opened the mobile home Hall rented from him. While looking for Hall, police found what they believed to be anhydrous ammonia

1

and several other items associated with the production of methamphetamines in a slide-in motor home. As a result thereby, police asked the Defendant for consent to continue searching the property, and the Defendant told police to get a search warrant. A search warrant was subsequently obtained, and a search conducted.

During the search of the property and buildings surrounding the Defendant's home, police seized surveillance equipment, numerous items associated with methamphetamine production, and several firearms. Police also searched the Defendant's residence where they found marijuana and two percocet tablets in the room of the Defendant's daughter and three guns in the master bathroom.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the Defendant contends that his Motion to Quash should have been granted by the trial court.

This court discussed motions to quash in *State v. M.J.S.*, 05-380, pp. 6-7 (La.App. 3 Cir. 11/2/05), 916 So.2d 1215, 1219-20, as follows:

> Louisiana Code of Criminal Procedure Article 532 (footnote omitted) provides:

> A motion to quash may be based on one or more of the following grounds:

> (1) The indictment fails to charge an offense which is punishable under a valid statute.

> (2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.

> (3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.

> (4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court

2

may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

(6) Trial for the offense charged would constitute double jeopardy.

(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

(8) The court has no jurisdiction of the offense charged.

(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

Louisiana Code of Criminal Procedure Article 485 states:

If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.

In *State v. Mulvihill*, 03-691, p. 3 (La.App. 5 Cir. 10/28/03), 860 So.2d 266, 267-68, an appeal by the state from the granting of a motion to quash, the court explained the use of the motion to quash:

In *State v. Perez*, 464 So.2d 737 (La.1985), the Louisiana Supreme Court discussed the nature of a motion to quash and stated:

The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. [I]t is treated much like an exception of no cause of action in a civil suit. *State v. Gerstenberger*, 260 La. 145, 255

3

So.2d 720 (1971).

> In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. *State v. Gerstenberger*, 260 La. 145, 150, 255 So.2d 720 (1971); *State v. Ponthieux*, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. *State v. Rembert*, 312 So.2d 282 (La.1975); *State v. Patterson*, 301 So.2d 604 (La.1974); *State v. Snyder*, 277 So.2d 660 (La.1973).

Therefore, a motion to quash is decided on the face of the bill of information and the bill of particulars.

A Motion to Quash was filed by the Defendant on July 17, 2006. Therein, the Defendant cited La.Code Crim.P. arts. 532(5) and 485 and sought to have the charge of illegal carrying of weapons quashed. The Defendant further alleged that there was no factual basis for the charge of illegal carrying of weapons, as he had not committed a crime of violence or been charged with possession, sale, or distribution of a controlled dangerous substance.

On the date the motion was filed, a hearing on the matter was held. At the hearing, the State objected to the filing of the motion, alleging that the motion was untimely and argued that no bill of particulars had been filed; therefore, the Defendant's basis for the motion was improper. In response, the Defendant argued that there was open file discovery in the matter which was tantamount to a bill of particulars. The Defendant further argued that he was not charged with the distribution, sale, or possession of a controlled dangerous substance or a crime of

4

violence; therefore, "the facts do not fit it." The motion was subsequently denied.

In brief to this court, the Defendant argues that his Motion to Quash should have been granted because at no time did he possess, have control of, or have use of a weapon while operating a clandestine laboratory. The State asserts that the Defendant's argument is incorrect because there was ample proof that the Defendant either possessed a controlled dangerous substance or was a principle to the crime. The State additionally asserts that no evidence was presented at the hearing on the motion; therefore, the motion was properly denied.

The defendant in *M.J.S.*, 916 So.2d 1215, argued that materials obtained through open file discovery were to be treated as if they constituted a bill of particulars for purposes of the interpretation of La.Code Crim.P. art. 485. This court noted that the defendant offered no law in support of his contention that open file discovery could be substituted for a bill of particulars for purposes of La.Code Crim.P. art. 485, and stated that "this court can find no authority for such an interpretation." *Id*. at 1221.

The Defendant, in his Motion to Quash, cited La.Code Crim.P. art. 532(5), which states that "[a] bill of particulars has shown a ground for quashing the indictment." The Defendant herein failed to file a motion for bill of particulars and relied on open file discovery. As set forth in *M.J.S.*, open file discovery is not the equivalent of a bill of particulars. Therefore, the trial court did not err in denying the Defendant's Motion to Quash.

Even if this court were to consider open file discovery as the equivalent of a bill of particulars for the purposes of the Defendant's Motion to Quash, the Defendant's motion would still fail.

5

This court stated in *M.J.S.*, 916 So.2d 1215, 1221:

> In *State v. Gerstenberger*, 260 La. 145, 255 So.2d 720, 722 (1971) (emphasis added), the court addressed the application of La.Code Crim.P. arts. 485 and 532, stating:
>
>> Under Article 536 the court is required to limit its consideration of a motion to quash to the objections stated in writing in that motion; and under the grounds here urged the motion must be disposed of as a matter of law on the face of the information and the bill of particulars. The trial court erred in allowing evidence to be heard on this motion to quash. Evidence may be introduced in the consideration of some motions to quash, but the motion which was considered below and is now reviewed by us does not allege a ground which admits of any proof of fact. The court in considering this motion to quash must accept as true the facts set out in the bills of information and in the bill of particulars, and determine whether as a matter of law they charge a crime. *The evidence which may be taken on a motion to quash is limited to procedural matters and may not include a defense on the merits*.

There was no bill of particulars in this case, and the Defendant did not designate what documents it received as a result of open file discovery. Therefore, we are unable to address the Defendant's claim. Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the Defendant contends that the percocet tablets, marijuana, and State Exhibits eight through ninety should not have been allowed at his trial on the merits.

In his argument, the Defendant alleges that State Exhibits twenty through ninety-one should not have been admitted and used against him because all of the items were seized from property being utilized by Carlton Hall and were the property of Hall. Additionally, no fingerprints, receipts, or other connections linked the Defendant to these items. Further, Defendant contends that allowing such items into

evidence at trial was overwhelmingly prejudicial to him. The Defendant also argues that the percocet and marijuana should not have been allowed into evidence because the drugs belonged to his daughter, and because she had a prescription for the percocet.

### *State Exhibits Eight Through Ninety-one*

The State avers that the Defendant failed to object to the introduction of State Exhibits eight through ninety-one; therefore, they were properly admitted at trial. The State's assertion is correct. The Defendant failed to object to the introduction of State Exhibits eight through ninety-one. Therefore, the Defendant failed to preserve the issue of their admissibility for appellate review. La.Code Crim.P. art. 841; *State v. Allen*, 03-2418 (La. 6/29/05), 913 So.2d 788, *cert. denied*, __ U.S. __, 126 S.Ct. 2023 (2006).

### *Percocet and Marijuana*

At trial, the Defendant objected to the admissibility of the percocet and marijuana found in his home. The Defendant's objection was based on relevancy and prejudice. He argued that the percocet and marijuana were not relevant because they were found in his daughter's bedroom. He additionally argued that the admission of the items would be prejudicial and inflammatory. The State argued that the Defendant had three pistols in his home as well as the percocet and marijuana. The State further asserted that one of its theories was that the Defendant had drugs and guns in his house and had ample time to put the drugs in his daughter's room, which was a question of fact.

In brief to this court, the Defendant argues that the percocet and marijuana should not have been admitted at trial because the items were found in his daughter's

7

room and that she had a prescription for the percocet. The Defendant further argues that the items had nothing to do with the elements of the crime for which he was on trial and that it was undisputed that he neither owned nor possessed the items at issue.

The State asserts that once police arrived at the Defendant's home, it took him a considerable amount of time to answer the door and that there was sufficient time for the Defendant to conceal the marijuana and percocet in his daughter's room. The State further argues that, because the Defendant was charged with possession of a firearm in connection with a controlled dangerous substance, it was entitled to present evidence of the percocet and marijuana.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La.Code Evid. art. 401. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or waste of time. La.Code Evid. art. 403. "The trial court's determination regarding the relevancy of evidence offered is entitled to great weight and should not be overturned absent a clear abuse of discretion." *State v. Stringer*, 06-800, p. 13 (La.App. 3 Cir. 12/6/06), 949 So.2d 464, 475 (citation omitted).

The Defendant was charged with illegal carrying of weapons while in possession of a controlled dangerous substance. The percocet and marijuana were relevant to the charge of illegal carrying of weapons and could be used to prove an element of that offense. Whether the marijuana was possessed by the Defendant's daughter, and whether she had a valid prescription for the percocet, were questions

8

of fact for the jury to consider. Therefore, we cannot say that the trial court abused its discretion in finding that the marijuana and percocet were relevant and, therefore, admissible. Additionally, the evidence at issue was not unduly prejudicial in light of its relevancy to the charge of illegal carrying of weapons. Further, if the jury believed that the percocet and marijuana actually belonged to the Defendant's daughter, the Defendant would not have suffered prejudice, as they would have been deemed not to have been in his possession. Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, the Defendant contends that allowing the State to call a rebuttal witness, Mollie Moody (Moody), was improper and that she should not have been allowed to testify.

At the close of the Defendant's case, the State informed the trial court that it intended to call Moody as a witness and would provide her with immunity. The Defendant objected, based on surprise and late notice. The State then informed the trial court that it did not decide to call Moody as a witness until the defense chose to put on character evidence. The State also stated that it had met with Moody the previous night. The court subsequently overruled the Defendant's objection.

In brief to this court, the Defendant argues that the State should not have been allowed to call Moody as a rebuttal witness when the State had ample reason to elicit her testimony in its case-in-chief. The Defendant additionally argues that he was ambushed by the rebuttal witness because he had no prior notice that the State intended to call Moody to the stand. The Defendant further argues that even if the State did not know of the rebuttal witness, her testimony should not have been allowed because it was tantamount to allowing the State to reopen its case-in-chief.

9

Lastly, the Defendant argues that the State deliberately used a rebuttal witness in order to negate his ability to properly prepare cross-examination.

The State argues that the testimony of Moody was vital to rebut the testimony of defense witnesses who said that the Defendant was not involved in illegal drug operations.

Louisiana Code of Criminal Procedure Article 765 sets out the normal order of trial as follows: The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal.

> Rebuttal evidence is that which explains, repels, disproves or counteracts. *State v. Deboue*, 552 So.2d 355, 362 (La.1989), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 174 (1990); *State v. Truitt*, 500 So.2d 355, 359-360 (La.1987); *State v. Huizar*, 414 So.2d 741, 751 (La.1982). The determination of whether evidence is rebuttal evidence and hence admissible is an issue which is addressed to the sound discretion of the trial court. *Huizar, supra*; *State v. Green*, 390 So.2d 1253, 1260 (La.1980). Contradiction is one means of rebutting testimony of a witness. *See generally State v. Garrison*, 260 La. 141, 255 So.2d 719 (1971); *State v. Poe*, 214 La. 606, 38 So.2d 359 (1948).

*State v. Tilley*, 99-569, p. 19 (La. 7/6/00), 767 So.2d 6, 22, *cert. denied*, 532 U.S. 959, 121 S.Ct. 1488 (2001). "However, it is well settled that the state may not reserve part of its case-in-chief for rebuttal testimony after the defense has rested." *State v. Deboue*, 552 So.2d 355, 362 (La.1989), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215 (1990).

The Defendant presented several witnesses who testified that he was not involved with drugs. In rebuttal, the State called Moody, who testified that the Defendant knew of Hall's actions.

We find that the State properly called Moody in rebuttal. *See State v. Beason*, 26,725 (La.App. 2 Cir. 4/7/95), 653 So.2d 1274, *writ denied*, 95-1388 (La. 10/27/95), 661 So.2d 1359. Additionally, the State was not required to give notice of its intent

to call Moody as a witness, as the State would not know in advance of the Defendant putting forth his case that a rebuttal witness was needed, and who that witness would be. Accordingly, this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NO. 4**

In his fourth assignment of error, the Defendant contends that his sentences are excessive based on his previous record, age, and health issues.

The Defendant was convicted of creating or operating a clandestine laboratory and illegal carrying of weapons. The sentencing range for creation or operation of a clandestine laboratory is five to fifteen years at hard labor, and the sentencing range for illegal carrying of weapons is five to ten years, without benefit of probation, parole, or suspension of sentence. La.R.S. 40:983 and 14:95(E). The Defendant was sentenced to eight years at hard labor for the drug offense and to five years at hard labor, without benefit of probation, parole, or suspension of sentence, for the weapons offense. The sentences were ordered to run concurrently.

The supreme court discussed the standard applicable to excessive sentencing claims in *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, as follows:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

The Defendant argues that his sentences are excessive in light of the fact that

he had only one prior conviction for fraud in selling agricultural equipment in June 2001. Additionally, he asserts that his prior offense was not violent and that the current offenses are also nonviolent. The Defendant further asserts that he is a good family man who is held in high regard in his community.

The Defendant received the minimum sentence for illegal carrying of weapons and that sentence was ordered to run concurrently with the sentence for the drug offense. Accordingly, we cannot say that the sentence for illegal carrying of weapons is excessive.

At present, there are no cases involving excessive sentencing claims for creating or operating a clandestine laboratory. The Defendant's sentence for that offense is three years more than the minimum sentence. We likewise cannot say that the trial court abused its discretion when imposing that sentence. This assignment of error lacks merit.

## ASSIGNMENT OF ERROR NO. 5 (ERRORS PATENT REVIEW)

After reviewing the record, we find that there are no errors patent.

## CONCLUSION

The Defendant's convictions and sentences are affirmed.

**AFFIRMED.**