375 So.2d 1179 (1979)
STATE of Louisiana
v.
William PERKINS.
No. 65063.
Supreme Court of Louisiana.
September 18, 1979.
*1180 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David Batt, Asst. Dist. Atty., New Orleans, for plaintiff-relator.
Clyde Merritt, Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
PER CURIAM.
Defendant William Perkins was indicted by the Orleans Parish Grand Jury for the first degree murder of David Cage on April 9, 1979. To settle a controversy expected to arise at trial, the state filed a motion in limine requesting the trial court to determine whether the presence of an aggravating circumstance is an essential element of the crime of first degree murder. At a hearing held on June 28, 1979, the trial court answered affirmatively, ruling that the state would have to prove an aggravating circumstance during the guilt-determination phase of the trial to support a conviction of first degree murder. On application by the state, this Court granted writs to review the lower court's decision. We reverse.
The trial court's ruling was based upon our decision in State v. Payton, 361 So.2d 866 (La.1978), which held that the statutory scheme under review made the presence of at least one aggravating circumstance an essential element of first degree murder. That decision was dictated, however, by the murder statutes governing the Payton prosecution. Then, as at the time of the subject offense[1], La.R.S. 14:30 defined first degree murder as "the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm." That definition was, for a time, expanded by the provisions of La.R.S. 14:30.1, as amended by Acts 1977, No. 121, § 1, which defined second degree murder, in part, as:
B. The killing of a human being when the offender has a specific intent to kill, under circumstances that would be first degree murder under Article 30, but the killing is accomplished without any of the aggravating circumstances listed in Article 905.4 of the Louisiana Code of Criminal Procedure.
Payton held that this provision, by implication, redefined first degree murder as a specific intent homicide accomplished with a statutorily prescribed aggravating circumstance.
After Payton was decided, however, the legislature re-amended R.S. 14:30.1 to *1181 delete paragraph B, supra. Acts 1978, No. 796, § 1. Removed from the scope of the second degree murder statute, unaggravated specific intent killings were recast within the definition of first degree murder. Accordingly, any specific intent killing committed under this statutory scheme might validly be prosecuted as first degree murder.
The defense is entitled to pretrial notice of every aggravating circumstance upon which the state intends to rely in seeking the death penalty. See, State v. Sonnier, ___ So.2d ___ (La.1979), No. 63,293.
Therefore, the ruling of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
SUMMERS, C. J., concurs in the result only.
NOTES
[1] R.S. 14:30 has since been amended to include specified aggravating circumstances in the definition of first degree murder. Acts 1979, No. 74, § 1. The amended provision was not effective at the time the subject offense was committed and has no bearing upon this case.