# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 22-388


**STATE OF LOUISIANA**

**VERSUS**

**NATHANIEL RHASHAWN TRAHAN**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 60453
HONORABLE SCOTT J. PRIVAT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.


**CONVICTION AFFIRMED;**
**SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.**

**David William Price**
**Bruce Edward Unangst**
**Ashley Deschamp**
**Baton Rouge Capital Conflict Office**
**525 Florida Street, Suite 310**
**Baton Rouge, LA 70801**
**(225) 338-0235**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Nathaniel Rhashawn Trahan**

**Donald Dale Landry, District Attorney**
**Fifteenth Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Ted L. Ayo**
**Attorney at Law**
**100 North State Street, Suite 215**
**Abbeville, LA 70510-5108**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GREMILLION, Judge.**

On June 21, 2016, Defendant, Nathaniel Rhashawn Trahan, was charged by bill of indictment with first degree murder, in violation of La.R.S. 14:30, cruelty to a juvenile, in violation of La.R.S. 14:93, and second degree battery, in violation of La.R.S. 14:34.1. Defendant pled not guilty to the charges.

On November 21, 2016, the State filed a notice of intent to seek the death penalty, declaring the following aggravating circumstances: (1) Defendant was engaged in the perpetration or attempted perpetration of cruelty to a juvenile or second degree cruelty to a juvenile; (2) the offense was especially heinous, atrocious, or cruel; and (3) the victim, Layden Gabriel, was under the age of twelve years old at the time of his death.[1,2]

Over the next several years, the State and defense counsel filed numerous pleadings. Notable among these were: the defense's motion for bill of particulars and renewed motion for bill of particulars; the State's notice of intent to use victim impact evidence; the State's notice of intent to use other crimes evidence; and the defense's disclosure of documents to be used at either stage of trial.

On February 15, 2022, the State filed an answer to Defendant's renewed motion for bill of particulars which sought notice of which subsection of La.R.S. 14:30 Defendant was charged with violating. The State indicated that Defendant was charged under alternative provisions. The first alternative alleged Defendant violated La.R.S. 14:30(A)(1), which defines first degree murder as a killing committed "[w]hen the

---

[1] Although La.R.S. 46:1844(W)(1)(a) requires the use of the victim's initials, the statute states "[t]he public disclosure of the name of the juvenile victim . . . is not prohibited by this Subsection when the crime resulted in the death of the victim."

[2] The State is required to give defendants pretrial notice of every aggravating circumstance it intends to rely on to seek the death penalty. *State v. Perkins*, 375 So.2d 1179 (La.1979). A death sentence may only be imposed if "the jury finds beyond a reasonable doubt that at least one statutory aggravating circumstance exists and, after consideration of any mitigating circumstances, determines that the sentence of death should be imposed." La.Code Crim.P. art. 905.3.

offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of . . . cruelty to juveniles[.]" The second alternative alleged Defendant violated La.R.S. 14:30(A)(5), which defines first degree murder as a killing committed "[w]hen the offender has the specific intent to kill or to inflict great bodily harm upon a victim who is under the age of twelve[.]"

On March 2, 2022, Defendant filed a motion to quash the bill of indictment on two grounds. First, Defendant alleged the indictment must be quashed based on the unconstitutional application of the cruelty to juveniles statute, La.R.S. 14:93, as the underlying felony for the charge of first degree murder under La.R.S. 14:30(A)(1). Second, Defendant argued that using La.R.S. 14:93 as the underlying felony for the charge of first degree murder under La.R.S. 14:30(A)(1) did not genuinely narrow the class of individuals eligible for the death penalty as required by the Eighth and Fourteenth Amendments to the United States Constitution.

On March 21, 2022, the trial court held a hearing on the motion to quash, which was denied. Following the denial of his motion to quash, Defendant pled guilty to first degree murder, preserving his right to appeal the trial court's denial of his motion to quash under *State v. Crosby*, 338 So.2d 584 (La.1976). The trial court sentenced Defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence in accordance with the plea agreement. The State dismissed the remaining charges of cruelty to a juvenile and second degree battery.

Defendant now appeals alleging two assignments of error. For the following reasons, we affirm Defendant's conviction, amend his sentence, and, as amended, affirm.

## FACTS

At the time of Defendant's *Crosby* plea, the State gave the following factual basis:

> MR. AYO: Your Honor, if the matter had gone to trial the State would show that Nathaniel Rhashaawn [sic] Trahan did, on or about April 6, 2016, commit the first degree murder of one juvenile, L.G.
>
> This is under the provisions of first degree murder [La.R.S. 14:30(A)](1), cruelty to a juvenile, Your Honor, and [La.R.S. 14:30(A)](5) of when the victim is under the age of 12 at the time the offense was committed. The juvenile's date of birth at the time of the offense was March 5, 2012.
>
> And in response to the motion to quash and the Bill of Particulars the State has identified these two charges as to the charges that the State would intend to prove in this matter, Your Honor. And this happened here in Vermilion Parish.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent. The minutes of sentencing, however, need correction.

Although the sentencing transcript indicates the trial court imposed Defendant's sentence at hard labor, the minutes of sentencing do not state such. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, the trial court is ordered to amend the sentencing minutes to reflect that Defendant's sentence is to be served at hard labor.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant's first assignment of error argues the trial court abused its discretion in denying his motion to quash, because the application of the cruelty to juveniles statute, La.R.S. 14:93, as the basis for his first degree murder charge under La.R.S.

14:30(A)(1) is a violation of U.S. Const. amend. VIII and La.Const. art. 1, § 20, which prohibits cruel, excessive, or unusual punishment.

The standard of reviewing a motion to quash is as follows:

> Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court on a motion to quash only if that finding represents an abuse of the trial court's discretion. **State v. Love**, 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206. In applying the abuse-of-discretion standard of review, the analysis may be further broken down into the component parts of the trial court decision. **State v. Thompson**, 11-0915, p. 13 (La. 5/8/12), 93 So.3d 553, 563. When a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings. **Id.**, 11-0915 at pp. 13-14, 93 So.3d at 563; **State v. Wells**, 08-2262, p. 4 (La. 7/6/10), 45 So.3d 577, 580; **State v. Hunt**, 09-1589, p. 6 (La. 12/1/09), 25 So.3d 746, 751. See also La. Const. Art. V, § 5(C) ("In criminal matters, [the supreme court's] appellate jurisdiction extends only to questions of law."); La. Const. Art. V, § 10(B) ("In criminal cases [a court of appeal's] appellate jurisdiction extends only to questions of law."). Legal findings or conclusions of the trial court are reviewed de novo. **Id.**, 11-0915 at p. 14, 93 So.3d at 563; **State v. Hamdan**, 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816; **State v. Smith**, 99-0606, p. 3 (La. 7/6/00), 766 So.2d 501, 504. Thus, a trial court's ruling on a motion to quash can be found to be an abuse of discretion if the trial court's factual findings are not supported by evidence in the record or if the court's legal findings or conclusion are erroneous.

*State v. Karey*, 16-377, pp. 6-7 (La. 6/29/17), 232 So.3d 1186, 1191-92 (alterations in original).

In *State v. Perez,* 464 So.2d 737, 739-40 (La.1985), the supreme court discussed the nature of a motion to quash:

> The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. *State v. Gerstenberger,* 260 La. 145, 255 So.2d 720 (1971).

> In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. *State v. Gerstenberger,* 260 La. 145, 150, 255 So.2d 720 (1971); *State v. Ponthieux,* 254 La. 482, 224 So.2d 462

2

(1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. *State v. Rembert,* 312 So.2d 282 (La.1975); *State v. Patterson,* 301 So.2d 604 (La.1974); *State v. Snyder,* 277 So.2d 660 (La.1973).

The supreme court has recognized that "[a]n exception exists for cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial." *State v. Advanced Recycling, Inc.,* 02-1889, p. 9 (La. 4/14/04), 870 So.2d 984, 989. Therefore, a motion to quash is decided on the facts set forth in the bill of indictment and the bill of particulars, and a court must determine from the pleadings alone whether the facts, if proven, establish the charged crime as a matter of law. On appeal, a defendant must prove the trial court abused its discretion in denying his motion to quash.

Defendant filed his motion to quash based on La.Code Crim.P. art. 532(1) which allows for a bill to be quashed when "[t]he indictment fails to charge an offense which is punishable under a valid statute." As discussed, Defendant was charged with first degree murder, in violation of La.R.S. 14:30. Though the bill of indictment was written in short form, as authorized by La.Code Crim.P. art. 465(A)(31), the State later gave notice that Defendant was charged under the alternative provisions of La.R.S. 14:30(A)(1), cruelty to a juvenile, and La.R.S. 14:30(A)(5).

Louisiana Revised Statutes 14:30 provides, in pertinent part:

A. First degree murder is the killing of a human being:

(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of . . . cruelty to juveniles[.]

. . . .

(5) When the offender has the specific intent to kill or to inflict great bodily harm upon a victim who is under the age of twelve[.]

First degree murder requires specific intent. "Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the

3

prescribed criminal consequence to follow his act or failure to act." La.R.S. 14:10(1).

"Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant." *State v. Draughn*, 05-1825, pp. 7-8 (La. 1/17/07), 950 So.2d 583, 592-93 (citations omitted), *cert. denied*, 552 U.S. 1012, 128 S.Ct. 537 (2007).

Cruelty to juveniles is defined, in pertinent part, as "[t]he intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child." La.R.S. 14:93(A)(1).

> The term "intentional" refers to general criminal intent to mistreat or neglect and does not require an intent to cause the child unjustifiable pain and suffering. *State v. Schultz,* 01-995[, p. 7] (La.App. 5 Cir. 4/10/02), 817 So.2d 202, 208, *writ denied,* 02-1320 (La. 11/27/02), 831 So.2d 270. General criminal intent is "present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." LSA–R.S. 14:10(2); *Id.*

> An alternative to proving defendant had general criminal intent to mistreat or neglect the child thereby causing the child unjustifiable pain and suffering is to prove that defendant was criminally negligent in his mistreatment or neglect of the child. Criminal negligence "exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." LSA–R.S. 14:12; *State v. Jackson,* 98-1254[, p. 8] (La.App. 5 Cir. 3/30/99), 733 So.2d 657, 661. Criminal negligence is essentially a negative. Rather than requiring the accused intended the consequences of his actions, criminal negligence is found from the accused's gross disregard for the consequences of his actions. *Id.*

*State v. Chacon,* 03-446, pp. 4-5 (La.App. 5 Cir. 10/28/03), 860 So.2d 151, 153.

At the motion to quash hearing, defense counsel presented extensive argument specifying why the application of La.R.S. 14:93 as the underlying felony for Defendant's charge of first degree murder was unconstitutional. In essence, defense counsel claimed any negligent act which resulted in a juvenile's unjustifiable pain or

suffering and eventual death could form the basis of a first degree murder prosecution and possible death sentence which would violate constitutional protections against cruel and unusual punishment. Then, defense counsel offered evidence showing Defendant's long history of seizures and theorized that Layden's death was likely the result of a negligent act. Defense counsel concluded by moving for the bill of indictment to be quashed based on the application of the unconstitutional statute. The State, in contrast, argued:

> MR. AYO: Your Honor, what defense counsel has raised is an issue that the jury would have to decide, whether it was negligence or whether or not the injuries suffered by the young boy was intentional. The State feels like they would prevail and that the jury would find that the actions were intentional.

> Mr. Trahan is also billed under part [La.R.S. 14:30(A)](5), Your Honor, meaning that he was a victim who was under the age of 12. His date of birth was March 5, 2012. When this incident happened, he was, basically, around the age of 4, Your Honor.

The trial court then ruled:

> THE COURT: Ms. Deschamp, I do agree with you that a person cannot and should not be found guilty of first degree murder because of a negligent act. The statute is very clear; it takes specific intent.

> However, as Mr. Ayo pointed out, that is something for a jury to decide. The jury would have to find that the . . . cruelty to a juvenile would be either intentional or negligent, and that would be their job to do that, and I believe that's something that could be cleaned up in the jury instructions whenever it would be submitted to a jury.

The crux of Defendant's argument rests on the assertion that the State may not seek the death penalty for first degree murder when the underlying felony is one which may be committed either intentionally or criminally negligently. Defendant asserts this renders La.R.S. 14:30(A)(1) an invalid statute under La.Code Crim.P. art. 532(1). However, a plain reading of the statute does not support Defendant's contention that any negligent act can result in a conviction of first degree murder and sentence of death. If the jury finds the underlying felony of cruelty to a juvenile was committed

5

negligently—consequently negating the specific intent required for first degree murder—then the crime would fit squarely within the felony-murder provision of second degree murder. Second degree murder is defined as a killing committed "[w]hen the offender is engaged in the perpetration or attempted perpetration of . . . cruelty to juveniles . . . even though he has no intent to kill or to inflict great bodily harm." La.R.S. 14:30.1(A)(2).

The question of whether the State can prove at trial that Defendant's actions were committed intentionally or negligently is a question to be determined by the factfinder. This court should not consider the medical records demonstrating Defendant's history of seizures admitted into evidence at the motion to quash hearing. The supreme court in *Perez*, 464 So.2d at 737, admonished the court of appeal for exceeding the proper scope of review on a motion to quash by relying on evidence related to a defendant's defense. As discussed in *State v. Gerstenberger,* 260 La. 145, 255 So.2d 720 (1971), a defense on the merits is not a valid ground for a motion to quash. *See also State v. Byrd*, 96-2302 (La. 3/13/98), 708 So.2d 401, *cert. denied*, 525 U.S. 876, 119 S.Ct. 179 (1998).

Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant's second assignment of error contends the application of La.R.S. 14:93 as a basis for his first degree murder prosecution does not narrow the class of persons eligible for the death penalty as mandated by U.S. Const. amend. VIII and by United States Supreme Court jurisprudence.

Before considering Defendant's arguments, it is necessary to understand Louisiana's statutory scheme for the imposition of the death penalty. In *Lowenfield v. Phelps*, 484 U.S. 231, 241-46, 108 S.Ct. 546, 553-55 (1988) (emphasis added) (footnotes omitted), the United States Supreme Court reviewed Louisiana's capital sentencing scheme and found it to be constitutional based on the following:

Louisiana has established five grades of homicide: first-degree murder, second-degree murder, manslaughter, negligent homicide, and vehicular homicide. La.Rev.Stat.Ann. § 14:29 (West 1986). Second-degree murder includes intentional murder and felony murder, and provides for punishment of life imprisonment without the possibility of parole. § 14:30.1. Louisiana defines first-degree murder to include a narrower class of homicides:

> "First degree murder is the killing of a human being:
>
> "(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery, or simple robbery;
>
> "(2) When the offender has a specific intent to kill or to inflict great bodily harm upon a firefighter or peace officer engaged in the performance of his lawful duties;
>
> "(3) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person;
>
> "(4) When the offender has specific intent to kill or inflict great bodily harm and has offered, has been offered, has given, or has received anything of value for the killing; or
>
> "(5) When the offender has the specific intent to kill or to inflict great bodily harm upon a victim under the age of twelve years." § 14:30A.

An individual found guilty of first-degree murder is sentenced by the same jury in a separate proceeding to either death or life imprisonment without benefit of parole, probation, or suspension of sentence. § 14:30C. "A sentence of death shall not be imposed unless the jury finds beyond a reasonable doubt that at least one statutory aggravating circumstance exists and, after consideration of any mitigating circumstances, recommends that the sentence of death be imposed." La. Code Crim.Proc.Ann., Art. 905.3 (West 1984). Louisiana has established 10 statutory aggravating circumstances. Art. 905.4. If the jury returns a sentence of death, the sentence is automatically reviewable for excessiveness by the Supreme Court of Louisiana. Art. 905.9.

. . . .

*To pass constitutional muster, a capital sentencing scheme must "genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder." Zant v. Stephens,* 462 U.S. 862, 877, 103 S.Ct. 2733, 2742, 77 L.Ed.2d 235 (1983); cf. *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Under

the capital sentencing laws of most States, the jury is required during the sentencing phase to find at least one aggravating circumstance before it may impose death. *Id.,* at 162-164, 96 S.Ct., at (reviewing Georgia sentencing scheme); *Proffitt v. Florida,* 428 U.S. 242, 247-250, 96 S.Ct. 2960, 2964-2965, 49 L.Ed.2d 913 (1976) (reviewing Florida sentencing scheme). By doing so, the jury narrows the class of persons eligible for the death penalty according to an objective legislative definition. *Zant, supra,* 462 U.S., at 878, 103 S.Ct., at 2743 ("[S]tatutory aggravating circumstances play a constitutionally necessary function at the stage of legislative definition: they circumscribe the class of persons eligible for the death penalty").

. . . .

The use of "aggravating circumstances" is not an end in itself, but a means of genuinely narrowing the class of death-eligible persons and thereby channeling the jury's discretion. We see no reason why this narrowing function may not be performed by jury findings at either the sentencing phase of the trial or the guilt phase. Our opinion in *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), establishes this point. The *Jurek* Court upheld the Texas death penalty statute, which, like the Louisiana statute, narrowly defined the categories of murders for which a death sentence could be imposed. If the jury found the defendant guilty of such a murder, it was required to impose death so long as it found beyond a reasonable doubt that the defendant's acts were deliberate, the defendant would probably constitute a continuing threat to society, and, if raised by the evidence, the defendant's acts were an unreasonable response to the victim's provocation. *Id.,* at 269, 96 S.Ct., at 2955. We concluded that the latter three elements allowed the jury to consider the mitigating aspects of the crime and the unique characteristics of the perpetrator, and therefore sufficiently provided for jury discretion. *Id.,* at 271-274, 96 S.Ct., at 2956-2957. . . .

It seems clear to us from this discussion that the narrowing function required for a regime of capital punishment may be provided in either of these two ways: The legislature may itself narrow the definition of capital offenses, as Texas and Louisiana have done, so that the jury finding of guilt responds to this concern, or the legislature may more broadly define capital offenses and provide for narrowing by jury findings of aggravating circumstances at the penalty phase. *See also Zant, supra,* 462 U.S., at 876, n. 13, 103 S.Ct., at 2742, n. 13 discussing *Jurek* and concluding: "[I]n Texas, aggravating and mitigating circumstances were not considered at the same stage of the criminal prosecution."

Here, the "narrowing function" was performed by the jury at the guilt phase when it found defendant guilty of three counts of murder under the provision that "the offender has a specific intent to kill or to inflict great bodily harm upon more than one person." The fact that the sentencing jury is also required to find the existence of an aggravating circumstance in addition is no part of the constitutionally required narrowing process, and so the fact that the aggravating circumstance duplicated one of the

elements of the crime does not make this sentence constitutionally infirm. *There is no question but that the Louisiana scheme narrows the class of death-eligible murderers and then at the sentencing phase allows for the consideration of mitigating circumstances and the exercise of discretion.* The Constitution requires no more.

The Supreme Court found Louisiana constitutionally performed the "narrowing function" by narrowly defining the categories of murders for which a death sentence may be imposed. Since *Lowenfield* was decided in 1988, the Louisiana legislature has expanded La.R.S. 14:30 to include additional categories for which a death sentence may be imposed.[3] However, the requirement that to be death eligible the defendant must have the specific intent to kill or cause great bodily harm has remained the same since *Lowenfield*. As discussed above, a plain reading of La.R.S. 14:30(A)(1) does not support Defendant's contention that any negligent act may result in a first degree murder conviction and death sentence which would significantly broaden the class of death-eligible individuals. The class of individuals eligible for the death penalty when *Lowenfield* was decided was, and still is, limited to those who have the specific intent to kill or cause great bodily harm.

The class of death-eligible individuals is constitutionally narrow. The United States Supreme Court has found the narrowing function required by *Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733 (1983), is satisfied by the specification of circumstances in La.R.S. 14:30, which differentiate first degree murder from other forms of homicide. *Lowenfield*, 484 U.S. 231.

Accordingly, Defendant's conviction and sentence are affirmed.

---

[3]The underlying felony of cruelty to juveniles was added to La.R.S. 14:30(A)(1) in 2006.

9

**DECREE**

Defendant's conviction and sentence are affirmed. The trial court is ordered to amend the sentencing minutes to reflect that Defendant's sentence is to be served at hard labor.

**CONVICTION AFFIRMED;**
**SENTENCE AMENDED AND, AS AMENDED, AFFIRMED**.