ROLAND L. BELSOME, Judge.
hln this criminal case, the State is seeking review of the district court’s decision granting the defendant’s motion to quash the bill of information. For the following reasons, we reverse and remand.

STATEMENT OF PROCEDURAL HISTORY

The defendant, Gregory Godchaux, was charged by bill of information with one count of possession of a firearm while in possession of oxycodone, a controlled dan *1264 gerous substance, in violation of La. R.S. 14:95(E). He pled not guilty at arraignment. After a hearing, the trial court denied his motions to suppress evidence and found probable cause. On the scheduled trial date, the defendant appeared and filed a motion to quash the bill of information. The trial court subsequently granted the defendant’s motion to quash. The State’s appeal followed.

DISCUSSION

The sole issue presented on appeal is whether the trial court erred in granting the motion to quash. In particular, the State explains that possessing a valid ^prescription is not a proper basis for quashing the instant bill of information, as the crime charged was not a violation under the Controlled Dangerous Substance Law. We agree.
In his written motion, the defendant set forth two grounds for quashing the bill of information pursuant to La.C.Cr.P. art. 532(1) and (10): 1) the bill of information failed to charge an offense punishable under a valid statute; and 2) the defendant had a valid prescription. However, there is nothing in the record to substantiate quashing the charges on these grounds.
On the claim that the indictment fails to charge an offense which is punishable under a valid statute, the motion to quash can be likened to an exception of no cause of action in the civil arena. State v. Perez, 464 So.2d 737, 739 (La.1985). In considering the motion to quash, the district court accepts as true the facts contained in the indictment or bill of information and in the bill of particulars, and determines as a matter of law and from the face of the pleadings, whether a crime has been charged. Id.; State v. Gerstenberger, 260 La. 145, 150, 255 So.2d 720, 722 (1971).
In this case, the bill of information charges the defendant with possession of a firearm while in possession of oxycodone, a Controlled Dangerous Substance (CDS). Accepting these facts as true, the bill of information adequately charges an offense punishable under a valid statute, as the elements set forth in LA R.S. 14:95(E) include possessing a firearm while possessing a controlled dangerous substance.
13Next, to support his motion on the second ground, pursuant to La.C.Cr.P. art. 532(10), the defendant introduced evidence of a valid prescription at the hearing. The trial court granted the motion, opining that the defendant had a “valid, legal, effective, timely prescription for the drugs they found.”[1]
La.C.Cr.P. art. 532 states that a motion to quash may be based on the following grounds:
10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.
Here, the defendant was charged with an offense affecting public safety, not a *1265 violation of the Uniform Controlled Dangerous Substances Law. See La. R.S. 14:95(E). Therefore, having a valid prescription is irrelevant, and La.C.Cr.P. art. 532(10) is inapplicable under these circumstances.
The trial court’s ruling on a motion to quash should not be reversed in the absence of a clear abuse of discretion. State v. Sorden, 09-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183. (citations omitted). We find the trial court abused its discretion in quashing the charges on grounds unsubstantiated by the record. Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. During a bond hearing, the trial court heard testimony concerning possession of the firearm. In particular, the defendant's brother testified that the defendant was unaware that he had left the gun in the car the day before. During the motion to quash hearing, defense counsel commented on this evidence to demonstrate that an element of the charges could not be proved. After ruling on the motion to quash, the trial court also commented on the nature of this evidence stating: "And the gun was not in plain view for this defendant to have known it was in the car at the time that he had this newly-filled prescription in the car with him.” While evidence may be adduced at a motion to quash, such may not include a defense on the merits. State v. Byrd, 96-2302, p. (La.3/13/98), 708 So.2d 401, 411; State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) ("the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).