STATE OF LOUISIANA

VERSUS

EVAN BRADFORD

NO. 23-KA-381

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-4798, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

March 21, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Scott U. Schlegel

**VACATED; REMANDED**

**FHW**
**SMC**
**SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Darren A. Allemand
 Leo M. Aaron

COUNSEL FOR DEFENDANT/APPELLEE,
EVAN BRADFORD
 Rachel Yazbeck

**WICKER, J.**

In this criminal appeal, the State of Louisiana seeks review of the trial court's judgment granting defendant's motion to quash the bill of information. For the following reasons, we vacate the trial court judgment and remand this matter to the trial court to reopen the motion to quash hearing.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 28, 2022, the Jefferson Parish District Attorney filed a bill of information charging defendant, Evan Bradford, with unlawful presence of a sex offender in violation of La. R.S. 14:91.2(A)(1), which provides:

> A. The following acts when committed by a person convicted of a sex offense as defined in R.S. 15:541 when the victim is under the age of thirteen years shall constitute the crime of unlawful residence or presence of a sex offender:
>
> (1) The physical presence of the offender in, on, or within one thousand feet of the school property of any public or private elementary or secondary school or the physical presence in any motor vehicle or other means of conveyance owned, leased, or contracted by such school to transport students to or from school or a school-related activity when persons under the age of eighteen years are present on the school property or in a school vehicle.

In the bill of information, the State alleged that defendant, on or about July 18, 2022, in Jefferson Parish, violated La. R.S. 14:91.2(A)(1), in that he was present in, on, or within 1000 feet of school property while having been previously convicted on May 22, 2015, of pornography involving juveniles in violation of La. R.S. 14:81.1 (six counts) in Division "F" in case number 522-906 in Orleans Parish Criminal District Court.

On December 14, 2022, defendant filed a motion to quash the bill of information. In his motion to quash, defendant alleged that he had been previously convicted of pornography involving juveniles under the age of 17 in violation of La. R.S. 14:81.1, but that he had not been convicted or sentenced under the enhanced provision applicable when the conviction is for pornography involving

juveniles under the age of thirteen. Defendant argued that La. R.S. 14:91.2(A) requires that the State prove that an offender was **convicted** of a sex offense involving a victim under the age of thirteen. Because he alleged that he pled guilty to pornography involving juveniles under the age of seventeen, and not to the crime of pornography involving the sentencing enhancement applicable when the pornography involved juveniles under the age of thirteen, defendant argued that the State could not properly charge him under La. R.S. 14:91.2(A).

In his memorandum in support of his motion, defendant also raised due process concerns, arguing that he had not been provided notice that he could not enter a public park as a condition or supervision restriction following his underlying conviction. Specifically, defendant alleged that he "signed up with the Sex Offender registry upon his release from prison" and that "[h]e was told by the Officer at the Sex Offender Registry in Orleans Parish that he was allowed [to] enter parks because his crime did not involve a victim under the age of thirteen."[1] Defendant indicated that he was "[c]urrently awaiting an affidavit from Detective Rueben Henry of the New Orleans Police Department Sex Offender Registry" to support his claims. Defendant also raised double jeopardy concerns, contending that the same evidence relied upon for his underlying conviction, which allegedly arose out of a guilty plea prior to trial, would be relied upon by the State at trial in the instant case.

The State opposed the motion to quash, asserting that La. R.S. 14:91.2(A) should be interpreted to apply to any convicted sex offender, regardless of the required elements of the underlying crime, when the State can prove at trial that the underlying sex offense factually involved a victim under the age of thirteen. In its opposition to the motion to quash, the State recognized that the issue before the

---

[1] Neither the State nor the defense discuss whether defendant, pursuant to the terms of his guilty plea, is subject to the lifetime supervision provided for in La. R.S. 15:561.3.

court is a *res nova* issue of statutory interpretation. Although the State argued that the trial court could consider the motion to quash on the face of the bill, it simultaneously indicated that, "[i]f this Court is unwilling to deny the Defendant's motion to quash at this juncture, the State would respectfully re-urge its request for evidentiary proceedings" to oppose the motion to quash.

On March 15, 2023, the trial court conducted a hearing on the motion to quash. At the hearing, the State requested the opportunity to introduce evidence to oppose the motion to quash. However, the court did not rule on the motion, but rather requested additional briefing from the parties and reset the matter for May 1, 2023.[2] On that date, after a bench conference, the trial court inquired whether the parties prepared any argument or would submit on briefs, implicitly denying the State's request to introduce evidence in support of its opposition to the motion to quash.

The transcript reflects that no evidence was introduced in support of or in opposition to the motion to quash. The record contains no certified documentation as to the underlying conviction. The record contains no guilty plea transcript for defendant's underlying conviction reflecting the factual basis for the underlying guilty plea, nor does it contain the sex offender notification documents defendant received following his plea.

Relatedly, there appear to be factual discrepancies as to the factual basis for the instant charged offense. The bill of information charges defendant with the crime of presence of a sex offender "in, on, or within one thousand feet of the school property of any public or private elementary or secondary school" in violation of La. R.S. 14:91.2(A)(1). However, defendant—without correction, complaint or dispute from the State—consistently throughout his pleadings, and in

---

[2] The memorandum in support of the motion to quash filed by defense counsel and the opposition to the motion to quash filed by the State, discussed above, were both filed after the initial March 15, 2023 hearing.

representations to this Court in oral argument, maintains that the instant charged offense arises out of defendant's alleged presence at a Jefferson Parish public playground, Pontiff Playground, as prohibited under La. R.S. 14:91.2(B) only when a defendant has been previously convicted of an aggravated offense as defined in La. R.S. 15:541.[3] This factual distinction affects the analysis in this case because, under any statutory interpretation of La. R.S. 14:91.2(B), defendant's predicate conviction for possession of pornography involving juveniles under La. R.S. 14:81.1 would not satisfy the definition of an aggravated offense as defined in La. R.S. 15:541, and as required under subsection (B) of La. R.S. 14:91.2.

At the conclusion of the May 1, 2023 hearing, the trial court granted defendant's motion to quash without reasons. The State has appealed the trial court judgment, asking this Court to reverse the judgment and find that La. R.S. 14:91.2(A) applies to any convicted sex offender, regardless of the required

---

[3] La. R.S. 15:541 defines aggravated offense as:
(2) "Aggravated offense" means a conviction for the perpetration or attempted perpetration of, or conspiracy to commit, any of the following:
(a)(i) Aggravated rape (R.S. 14:42), which occurred prior to August 1, 2015, and which shall include convictions for the perpetration or attempted perpetration of, or conspiracy to commit, aggravated oral sexual battery (formerly R.S. 14:43.4, Repealed by Acts 2001, No. 301, § 2) occurring prior to August 15, 2001.
(ii) First degree rape (R.S. 14:42) which occurred on or after August 1, 2015.
(b)(i) Forcible rape (R.S. 14:42.1) which occurred prior to August 1, 2015.
(ii) Second degree rape (R.S. 14:42.1) which occurred on or after August 1, 2015.
(c)(i) Simple rape under the provisions of R.S. 14:43 which occurred prior to August 1, 2015.
(ii) Third degree rape under the provisions of R.S. 14:43 which occurred on or after August 1, 2015.
(d) Sexual battery prosecuted under the provisions of R.S. 14:43.1(C)(2).
(e) Second degree sexual battery (R.S. 14:43.2).
(f) Aggravated kidnapping (R.S. 14:44) of a child who has not attained the age of eighteen years.
(g) Second degree kidnapping (R.S. 14:44.1) of a child who has not attained the age of eighteen years.
(h) Aggravated kidnapping of child (R.S. 14:44.2).
(i) Simple kidnapping (R.S. 14:45) of a child who has not attained the age of eighteen years.
(j) Aggravated crime against nature as defined by R.S. 14:89.1(A)(2) involving sexual intercourse, second degree sexual battery, oral sexual battery, or when prosecuted under the provisions of R.S. 14:89.1(C)(2).
(k) Crime against nature when prosecuted under the provisions of R.S. 14:89(B)(2) or (3).
(l) Molestation of a juvenile or a person with a physical or mental disability prosecuted under the provisions of R.S. 14:81.2(C)(1), (D)(1), or (D)(2).
(m) Aggravated crime against nature (R.S. 14:89.1(A)(1)).
(n) Sexual battery of persons with infirmities (R.S. 14:93.5).
(o) Trafficking of children for sexual purposes (R.S. 14:46.3).
(p) Human trafficking (R.S. 14:46.2) when the trafficking involves a person under the age of twenty-one years or when the services include commercial sexual activity or any sexual conduct constituting a crime under the laws of this state.
(q) Purchase of commercial sexual activity with a person under the age of eighteen years or with a victim of human trafficking (R.S. 14:82.2(C)(4) and (5)).
(r) Any offense under the laws of another state, or military, territorial, foreign, tribal, or federal law which is equivalent to the offenses listed in Subparagraphs (a) through (q) of this Paragraph.

23-KA-381                                                4

elements of the underlying crime, when the State can prove at trial that the underlying sex offense factually involved a victim under the age of thirteen. Alternatively, on appeal, the State again re-urges its request to have the opportunity to introduce evidence in connection with the motion to quash.

## LAW AND ANALYSIS

The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars. *State v. Robinson*, 22-310 (La. App. 5 Cir. 4/12/23), 361 So.3d 1107, 1118. In *State v. Miller*, 319 So.2d 339 (La. 1975), the Louisiana Supreme Court set forth some of the factors to be considered in determining whether a defendant was given all of the information to which he is constitutionally entitled:

> The state is required, upon defendant's motion, to provide a criminal defendant with enough information so that he can identify the criminal transaction. There is no exact formula which can be applied to every charge to determine in a particular case whether a defendant has all of the information to which he is constitutionally entitled. In general, however, the extent to which the bill should be granted turns on the complexity of the case. If the crime is a single event, such as a murder, the scope of the bill will be less extensive than it will be if the crime involved is a series of occurrences, such as tax fraud or bootlegging. When a crime charged may be committed in a number of different ways, this Court has always recognized the accentuated need for the state to furnish particulars. Likewise, when the crime involves not a single occurrence but a series of occurrences, the state must supply enough information so that the accused can identify each criminal transaction. *State v. Robinson,* 20-01389 (La. 3/9/21), 312 So.3d 255, 256, citing *State v. Miller*, 319 So.2d 339, 342–43 (citations omitted).

*State of Louisiana v. T.E.*, 23-596 (La. App. 5 Cir. 1/10/24), 2024 WL 110242.

As to the claim that the indictment fails to charge an offense which is punishable under a valid statute, the motion to quash can be likened to an exception of no cause of action in the civil arena. *State v. Perez,* 464 So.2d 737, 739 (La.1985). Generally, in considering the motion to quash, the district court accepts as true the facts contained in the indictment or bill of information and in the bill of particulars, and determines as a matter of law, whether a crime has been

charged. *Id.; State v. Gerstenberger,* 260 La. 145, 150, 255 So.2d 720, 722 (1971). However, unlike an exception of no cause of action in the civil context, evidence may be adduced at the hearing on a motion to quash. *State v. Godchaux*, 2013-0233 (La. App. 4 Cir. 1/22/14), 132 So. 3d 1263, 1264. Although a motion to quash cannot be used as a vehicle to assert defenses on the merits, Louisiana courts have in many cases considered evidence pertaining to an underlying conviction to determine if the bill at issue in the motion to quash fails to charge an offense.  See *State v. Montgomery*, 20-00678 (La. 11/18/20), 304 So.3d 66, 67 (wherein the Louisiana Supreme Court considered the factual basis provided in a guilty plea colloquy in the underlying conviction, in the context of a motion to quash, to determine the sufficiency of a bill of information charging the defendant with violation of La. R.S. 15:561.1 et seq for repeated failure to comply with supervision restrictions.); see also *State v. Clark*, 12-1296 (La. 5/7/13), 117 So.3d 1246, 1249.

In addition to defendant's allegations of due process and double jeopardy violations, defendant also alleges in his motion to quash that his underlying conviction, even as alleged in the bill of information, cannot support a conviction under La. R.S. 14:91.2 as a matter of law.  As stated above, the State recognized that this is a *res nova* issue for the court to consider. In this appeal, however, we do not reach this issue at this time.

Although a motion to quash may be considered on the face of the indictment alone, evidence may be adduced at the hearing challenging the sufficiency of the bill to charge a crime.  See *Montgomery*, *supra*.  This Court has reopened criminal hearings to allow the admission of evidence under certain circumstances. *State v. Whitley*, 14-737 (La. App. 5 Cir. 3/25/15), 169 So.3d 658, 660.  Upon review of the entire record, we find that this case presents a unique and important *res nova*

legal issue of statutory interpretation, and presents factual discrepancies to the Court concerning the factual basis for the charged crime.

Therefore, under the unique circumstances of this case, we grant the parties the opportunity, as requested, to present evidence in connection with the motion to quash. We therefore vacate the trial court judgment and remand this matter to the trial court to reopen the hearing on defendant's motion to quash to allow the parties the opportunity to introduce evidence in support of or in opposition to the motion.

**VACATED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 21, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-381

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLANT)      THOMAS J. BUTLER (APPELLANT)

### MAILED
RACHEL YAZBECK (APPELLEE)
ATTORNEY AT LAW
816 NORTH COLUMBIA STREET
COVINGTON, LA 70433

HONORABLE PAUL D. CONNICK, JR.
(APPELLANT)
DISTRICT ATTORNEY
LEO M. AARON (APPELLANT)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053